IN RE APPROPRIATION OF EASEMENT FOR HIGHWAY PURPOSES: LINZELL, DIR., APPELLEE, *v.* OHIO NATIONAL BANK, TRUSTEE, APPELLANT.

(No. 5352—Decided March 13, 1956.)

*Mr. C. William O'Neill,* attorney general, and *Mr. Hugh E. Kirkwood, Jr.,* for appellee.

*Messrs. Hedges, Hoover & Tingley,* and *Mr. John Benson,* for appellant.

MILLER, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court rendered upon the verdict of a jury awarding the defendant, appellant herein, the sum of $48,675 as compensation for land and improvements, exclusive of structures, taken; $5,125 as compensation for buildings and $15,075 as damages to the residue in an appropriation proceeding of certain lands for highway purposes.

The first error assigned is that the court committed prejudicial error in instructing the jury that in making an award for damages to the residue of the property it should make "due allowance for special benefit, if any, resulting thereto." It is conceded that no evidence was offered relating to any special benefits which might accrue to the residue of the land. However, the court referred only to special damages in the following manner, to wit, "if any." Although the court should have limited its charge to the pleadings and the evidence in support thereof (39 Ohio Jurisprudence, 952, Section 267), we cannot say that it was prejudicial since it is presumed that the verdict was based upon the evidence.

It is urged further that the charge was confusing in that it did not clearly indicate that compensation for land taken should include all land improvements exclusive of the buildings. We have examined the entire charge and are of the opinion that, taking it as a whole, it correctly stated the law applicable to the factual situation. On this issue, the court charged:

"The issues in this case are three in number and are as follows: First, what is the fair market value of the 31.245

acres of land, including the improvements thereon but excluding the structures belonging to the owner, namely, two buildings, said acreage being appropriated by the Highway Director for highway purposes?''

''Your first duty is to ascertain and to declare by your verdict what sum of money will fully compensate the owner for the perpetual easement taken by the Director of Highways for highway purposes over 31.245 acres of land taken, together with improvements thereon but not including the two buildings or structures located thereon.''

We find nothing confusing in the charge as given.

The remaining assignments all relate to the adequacy of the verdict. An examination of the record on this subject reveals that the jury awarded the sum of $5,125 as compensation for the two buildings which were to be taken. The record discloses that five witnesses testified, all of whom appeared as experts, and placed the following valuations on the buildings: (1) Mr. Daley, $14,600; (2) Mr. Lowman, $14,000; (3) Mr. French, $10,700; (4) Mr. Weiler, $10,000; and (5) Mr. Royer, $12,000. It therefore appears that the verdict was $4,875 less than the lowest expert opinion, and $9,475 less than that of the highest. The finding was in complete disregard of the evidence, and nothing appears further in the record concerning the value of these buildings. The valuation fixed by the jury falls far below any rational appraisal of estimated damages found in the record. Inadequacy of damages appears to be a ground on which new trial may be granted.

In *Toledo Railways & Light Co.* v. *Mason*, 81 Ohio St., 463, 91 N. E., 292, 28 L. R. A. (N. S.), 130, the syllabus provides:

''1. In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the jury, when it appears upon the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim.

''2. On error in the Circuit Court to the overruling of a motion for a new trial on the ground of the inadequacy of the damages found by the jury in an action for personal injuries, the Circuit Court may reverse the judgment of the Court of

Common Pleas and grant a new trial on the ground that the verdict is not sustained by sufficient evidence.''

The rule in Ohio with reference to the inadequacy of verdicts seems to be well epitomized in 13 Ohio Jurisprudence, 306, Section 194, to wit:

''A study of the results reached in the reported cases seems to justify the statement that the courts generally grant relief if convinced that the verdict substantially exceeds or falls below any rational appraisal or estimate of the damages, even though the inference of passion, prejudice, partiality, or improper motive on the part of the jury is no more natural or reasonable than the inference of mistake or misapprehension on their part.''

Counsel for the appellee urge that in considering this assignment of error the court should look only to the total verdict which was within the range of the testimony of the five expert witnesses. This range varied from $65,400 to $154,790, and the total verdict was for the sum of $68,875. However, in arriving at this verdict the jury failed to place a proper valuation on the two buildings. Section 5519.03 of the Revised Code requires that the jury make a separate finding of the value of the buildings. The Legislature must have enacted this requirement for the sole purpose of testing the general verdict, and if this valuation is against the manifest weight of the evidence then the general verdict has also the same deficiency. We, therefore, conclude that the verdict is against the manifest weight of the evidence; the judgment is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

HORNBECK and DEEDS, JJ., concur.

DEEDS, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.