OPINION JUDGMENT ENTRY
{¶ 1} Appellant Randy Bader appeals the verdict rendered, in the Fairfield County Court of Common Pleas, as it pertains to the issue of residual damages and the exclusion of his testimony concerning the value of surrounding properties. The following facts give rise to this appeal.
 {¶ 2} Appellee Ohio Department of Transportation ("ODOT") appropriated 13.8 acres of appellant's farm as part of its Route 33 highway project to by-pass traffic around Lancaster. As a result of the appropriation, the new highway bisects appellant's farm and leaves one seventy-six acre piece of property that abuts a county road. The second piece of property is landlocked and consists of twenty-eight acres.
 {¶ 3} Appellant answered the appropriation petition filed pursuant to R.C. Chapter 163 and requested a jury trial. The trial commenced on March 4, 2003. At trial, appellant testified regarding the value of his property. However, the trial court did not permit appellant to testify concerning the selling prices or values of other properties he did not own because he is not a valuation expert.
 {¶ 4} In addition to his own testimony, appellant called two valuation experts: Leonard Gorsuch and Richard Vannatta. Mr. Gorsuch testified appellant's farm was worth $9,000 per acre before the appropriation. After the appropriation, the landlocked piece of property was worth only $500 per acre. Mr. Gorsuch valued the land taken at $136,620 and damages to the residue at $267,768. Mr. Gorsuch's total valuation was $404,388. Mr. Vannatta testified that before the appropriation, appellant's farm was worth $9,000 per acre. After the appropriation, the seventy-six acre residue's value was damaged $67,500 and the landlocked residue had no value. Mr. Vannatta valued $124,290 for land taken and $323,874 damages to the residue, for a total valuation of $448,164.
 {¶ 5} ODOT called Henry Halas as its appraisal expert. Mr. Halas testified appellant's farm was worth $3,500 per acre before the appropriation. Mr. Halas did not assign any damages to the value of the farm's seventy-six acre residue, but testified that the landlocked residue had no value after the appropriation. Mr. Halas valued $48,350 for the land taken and $99,750 damages to the residue, for a total valuation of $148,100.
 {¶ 6} Thus, the range of total valuation, from all witnesses, was $148,100 to $448,164. The range of testimony for the value of land taken was from $48,350 to $138,100. The range of testimony for damages to the residue was from $99,750 to $323,874. Following deliberations by the jury, the jury returned a verdict in the amount of $186,800, which consisted of $87,000 for the land appropriated and $99,800 damages to the residue.
 {¶ 7} On March 27, 2003, appellant moved for a new trial on the grounds that the jury's verdict was inadequate. Appellant also sought a new trial in order to introduce additional valuation evidence. The trial court overruled appellant's motion on June 13, 2003. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. The trial court erred in failing to grant a new trial when the jury's verdict regarding residual damages was improper based upon the jury's finding regarding per acre damage to the land taken.
 {¶ 9} "II. The trial court abused its discretion in prohibiting defendant/appellant, Randy L. Bader from testifying to issues that were within the realm of his personal knowledge."
 I {¶ 10} In his First Assignment of Error, appellant maintains the trial court should have granted his motion for new trial because the jury's verdict regarding residual damages was improper based upon the jury's finding regarding per acre damage to the land taken. We disagree.
 {¶ 11} "Generally, a trial court's decision in regard to a motion for new trial is reviewed under the abuse of discretion standard of review.[Citations omitted.] In order to find an abuse of discretion, this Court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment." [Citation omitted.] Kmetzv. Medcentral Health Systems, Richland App. No. 02CA0050, 2003-Ohio-6115, at ¶ 24.
 {¶ 12} Further, "[i]t is the function of the jury to assess the damages, and generally, it is not for a trial or appellate court to substitute its judgment for that of the trier-of fact."Betz v. Timken Mercy Med. Ctr. (1994), 96 Ohio App.3d 211, 218. "It has long been held that the assessment of damages is so thoroughly within the province of the jury that a reviewing court is not at liberty to disturb the jury's assessment absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive." Moskovitz v. Mt. Sinai Med.Ctr., 69 Ohio St.3d 638, at syllabus, 1994-Ohio-324. It is based upon this standard that we review appellant's First Assignment of Error.
 {¶ 13} Appellant concedes the jury's verdict of $186,800 was within the range of testimony presented at trial regarding the value of the property. The adequacy of the jury's verdict depends only upon whether it falls within the range of valuation testimony presented at trial. Preston v. Rappold (1961),172 Ohio St. 524, 528. The range of total valuation testimony, from all witnesses, was $148,100 to $448,164. Thus, according toPreston, the jury's verdict was adequate.
 {¶ 14} However, appellant bases his request for a new trial upon the jury's verdict regarding residual damages. Appellant claims that once the jury set the value at $6,300 per acre, the jury had to use this value for its point of reference with regard to the remaining damages to his residue. Appellant argues there was no evidence that the twenty-eight landlocked acres was worth anything less than the thirteen acres taken.
 {¶ 15} Accordingly, appellant concludes based upon the value set by the jury for the land taken, the highest and lowest damages which had to have been awarded to the residue was from $5,800 per acre to $6,300 per acre. Therefore, appellant maintains the jury's award of $3,500 per acre, for the twenty-eight acre landlocked residue, was inadequate.
 {¶ 16} In support of this argument, appellant cites two cases: Linzell v. Ohio Natl. Bank (1956), 101 Ohio App. 17 andKucharek v. Ohio Turnpike Comm. (1955), 101 Ohio App. 474. In both of these cases, the courts of appeals determined a new trial was proper when the jury's damage award, as to a particular item, was inadequate even though the jury's overall verdict was within the range of valuation testimony.
 {¶ 17} In State Dept. of Highway v. Bixler (1936), 6 O.O. 182, the trial court, in considering a motion for new trial, addressed the role of a jury in appropriation cases. The court stated:
 {¶ 18} "In eminent domain cases, jurors cannot use their own judgment as to the value of the property and the damages sustained from their personal view. While they must be governed by the evidence adduced, they can and should judge of the weight and force of the evidence given by the respective witnesses in the light of their own general knowledge of the subject of the inquiry, and apply their general knowledge and experience to the evidence in determining the weight to be given to the opinions expressed in the testimony of the several witnesses, and thus allow the testimony of the respective witnesses to control only as the jury may find it to be reasonable under all the facts and circumstances. * * * Where testimony as to values has been offered by both parties, a jury cannot disregard all the testimony as to values, and substitute their own opinion, because that would be permitting the jury to regard their view as evidence, which is not authorized. [Citation omitted.] Id. at 183.
 {¶ 19} We do not find the jury disregarded the testimony as to the value of the twenty-eight acre landlocked residue. Although the argument made by appellant was addressed and upheld by two appellate courts, the Ohio Supreme Court subsequently addressed this issue in Preston, supra, and held otherwise. InPreston, the Ohio Supreme Court specifically rejected the argument that in an appropriation case, the jury's verdict must be within the range of the evidence as to each of the separate claims for compensation for the taking of the land and improvements and for damages to the residue. Instead, the Court held that the jury's verdict is sufficient if the sum total of the verdict is within the sum total of evidence. Id. at 528.
 {¶ 20} Further, the record indicates the value assigned, by the jury, for damages to the residue, fell within the range of testimony presented by the witnesses. The range of testimony for damages to the residue was from $99,750 to $323,874. The jury awarded $99,800 for damages to the residue, which is within the range of testimony and is therefore, considered adequate.
 {¶ 21} Accordingly, appellant's First Assignment of Error is overruled.
 II {¶ 22} Appellant contends, in his Second Assignment of Error, the trial court abused its discretion when it prohibited him from testifying about the values of surrounding properties. We disagree.
 {¶ 23} It is well-established that the admission or exclusion of evidence rests within the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, 180. Therefore, we will not disturb a trial court's evidentiary ruling unless we find the trial court abused its discretion. Appellant claims, under the "owner opinion rule" and Evid.R. 701, he should have been permitted to testify regarding what certain tracts of land sold for per acre and how these tracts of land compared to his property.
 {¶ 24} "Under the owner-opinion rule, an owner of real property, by virtue of his ownership and without qualification as an expert, is competent to testify to his property's fair market value. [Citations omitted.] The rule is based on the presumption that `the owner of real estate * * * possess[es] sufficient acquaintance with it to estimate the value of the property, and his estimate is therefore received although his knowledge on the subject is not such as would qualify him to testify if he were not the owner.'" [Citations omitted.] City of Cincinnati v.Banks (2001), 143 Ohio App.3d 272, 291.
 {¶ 25} Further, "Evid.R. 701 permits a lay witness to testify in the form of an opinion if the opinion is `rationally based on the perception of the witness' and is `helpful to a clear understanding of his testimony or the determination of a fact in issue.'" Id.
 {¶ 26} Appellant maintains that by precluding this testimony, he was unable to attack the credibility of the state's witness with regard to matters within his own personal knowledge and support his opinion with concrete factual observations. The record indicates the trial court permitted appellant to testify regarding his farm's characteristics, history, location, topography and use. Tr. Vol. I at 43-81, Tr. Vol. IV at 556-562. Appellant also testified as to his land's highest and best use as well as the housing demand and growth in the neighborhood. Tr. Vol. I at 59-60, Tr. Vol. IV at 560. The trial court only prohibited appellant from testifying about the values of other tracts and how those tracts compared to his farm. Tr. at 48, 55-56, 547-548.
 {¶ 27} In support of this assignment of error, appellant cites two cases: City of Columbus v. Papageorgiou (Sept. 3, 1987), Franklin App. No. 86AP-1157 and Banks, supra. In thePapageorgiou case, the Tenth District Court of Appeals reversed the decision of the trial court that did not permit a property owner to testify concerning the basis for her opinion as to the value of the appropriated property. Id. at 2.
 {¶ 28} In doing so, the court of appeals concluded that "[i]n testifying as to the value of property, the owner is certainly entitled to testify as to the facts which formed the basis for that opinion." Id. The court of appeals supported its conclusion based upon the fact that the property owner was well acquainted with various methods of evaluating real estate from her experience and training in real estate as well as from the ownership of several investment/income producing properties. Id.
 {¶ 29} In the Banks decision, the City of Cincinnati objected to a non-expert property owner's testimony because it was based upon non-comparable property. Banks at 292. The First District Court of Appeals found the testimony properly admitted, into evidence, because the court determined the property owner's methodology went to the weight of the evidence, which was a matter to be determined by the trier of fact. Id.
 {¶ 30} We find the case sub judice distinguishable from thePapageorgiou decision. The general rule, in Ohio, is that a property owner is a competent witness to testify as to the value of his or her own property. Weir v. Miller (Apr. 13, 1983), Butler App. No. 82-04-0044, at 4. Therefore, a property owner may testify to the underlying factors which serve as the basis for his or her opinion in an effort to lend credibility to his or her testimony. Id. at 5.
 {¶ 31} However, only an expert witness may testify concerning the value of real property, even though his or her conclusions may be based, either partially or entirely, upon hearsay opinion. Id. at 5-6. This is due to the fact that a non-expert landowner is not someone who can assimilate various asking prices of other similar property and render an unbiased expert opinion. Id. at 6.
 {¶ 32} Thus, Papageorgiou is distinguishable because appellant has no experience or training in real estate. InPapageorgiou, the court noted the property owner's experience and training in real estate as a basis for permitting her testimony regarding the facts which formed the basis of her opinion. In the matter currently before the court, appellant's experience is limited to monitoring land sales on a daily and weekly basis.
 {¶ 33} Further, we decline to follow the Banks decision. The Banks decision is merely persuasive authority, from the First District Court of Appeals, and therefore, this court is not required to follow it. Also, by permitting the property owner to testify about the value of non-comparable property, the trial court expanded the parameters of the "owner opinion rule", which we decline to do.
 {¶ 34} Accordingly, we conclude a property owner may testify to such factors as the age of any structures on the property, the location of the property and other related factors. Weir at 5. However, a trial court properly excludes testimony regarding what certain tracts of land sold for per acre and how those tracts of land compared to the property being appropriated.
 {¶ 35} Appellant's Second Assignment of Error is overruled.
 {¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs assessed to Appellant.