DECISION AND JUDGMENT ENTRY
{¶ 1} Following a bench trial in an eminent domain proceeding, the trial court awarded John Hall, Jr., $33,200 as compensation for two parcels of land Ohio Department of Transportation appropriated for highway improvements. Hall appeals from the court's judgment, and its denial of his motions for new trial and to vacate the court's judgment, claiming he was denied a fair trial and "just" compensation.
 {¶ 2} Hall first argues that the trial court denied him a fair trial by (1) allowing his attorney to withdraw eight days before trial, (2) failing to continue the trial, and (3) allowing Hall to represent himself at trial. Because the record reflects that Hall took no action to oppose his counsel's withdrawal or to request a continuance, and the court cautioned him regarding the dangers of self-representation, Hall's argument is meritless.
 {¶ 3} Hall next claims the trial court denied him the right to have a jury assess the amount of compensation to which he was entitled. However, the record shows that Hall waived his right to a jury trial in this matter.
 {¶ 4} Hall finally contends the trial court abused its discretion in denying his motions for new trial and to vacate judgment. Hall's motions were largely predicated on arguments raised in his first and second contentions here. Having found no merit in these contentions, we see none in the trial court's rejection of them. To the extent they have independent basis of argument, they have no merit. Accordingly, we conclude the trial court did not abuse its discretion in denying Hall's motions for new trial and to vacate judgment. We affirm the trial court's judgment in this case.
 I. FACTS {¶ 5} Hall owns a 3.72-acre roughly, "L"-shaped piece of property that abuts State Route 7 west of Proctorville, Ohio, and is contiguous to the 31st Street bridge ramp crossing the Ohio River to Huntington, West Virginia. The property is predominantly grassy, located in a flood zone, and has a residential structure on it.
 {¶ 6} In February 2002, ODOT's Director filed a complaint under R.C. Chapter 163 to appropriate two parcels of Hall's land for use in a highway improvement project to bypass Proctorville. The first parcel (Parcel 199-WL1) is 0.131 acres that fronts State Route 7 on the south; Parcel 199-WL1 was previously subject to a highway right-of-way easement. The second parcel (Parcel 119-WL2) is 0.332 acres that abuts part of the 31st Street bridge ramp on the property's west side. The property's residential structure is not located within either of these parcels. Legal and physical access to Hall's property is provided by roads to the north and east of the property and is not impacted by ODOT's appropriation of the two parcels.
 {¶ 7} Following the statutory procedure, ODOT deposited the sum of $15,900, which ODOT determined to be the fair market value of the two parcels, with the clerk of the common pleas court. In his answer to ODOT's petition, Hall did not contest the taking but asserted the $15,900 compensation is inadequate and requested a jury trial. ODOT appropriated the two parcels in May 2002.
 {¶ 8} Trial was originally set for August 2002, but was continued four times upon Hall's request. One such continuance occurred in April 2003, five days before a scheduled trial date, to allow Hall to hire new counsel after his original counsel withdrew from the case the previous November.
 {¶ 9} Twenty days before the trial scheduled on September 23, 2004, Hall's second counsel filed a motion to withdraw, which the trial court granted on September 16, 2004. In its judgment entry allowing Hall's second counsel to withdraw, the court affirmed the September 23, 2004 trial date and expressly cautioned Hall to be prepared for trial.
 {¶ 10} On September 17, 2004, a telephone conference occurred between the trial court, Hall, and ODOT's counsel. According to statements in the record by ODOT's counsel and the trial court, Hall informed the court during the telephone conversation of his intent to represent himself at trial and his agreement to waive a jury trial, and the trial court then directed the parties to submit written waivers of jury trial. At the beginning of the September 23, 2004 bench trial, the trial court documented the September 17, 2004 telephone conversation and affirmed Hall's waiver of his right to a jury trial into the record:
COURT: Prior to starting the case, normally an appropriation case is tried to a jury, though in a telephone conversation with Mr. Hall and the Attorney General I was advised by both parties that they were willing to waive their right to a jury, which simplifies the case to try it to the court. I've received a plaintiff's waiver of "Right to Trial by Jury" on behalf of the State of Ohio. I also received a letter from Mr. Hall, the property owner, indicating that he requested that I hear the case. I just want to verify for the record that the State of Ohio is in fact waiving their right to a jury trial.
[ODOT'S COUNSEL]: That is correct, Your Honor.
COURT: And in fact the property owner is waiving his right to a jury trial?
JOHN HALL: Yes Sir.
COURT: The case will be tried to the bench. [Tr., 4.]
Hall raised no objection and proceeded pro se at the trial.
 {¶ 11} The court accepted a written opening statement from Hall and allowed him to give his opinion, as the property owner, of the property's value. However, the court precluded Hall from admitting into evidence two written appraisals of his property because the appraisers who prepared them were not present at trial. The court then sustained an objection to Hall's testimony that the value of the appropriated property is approximately $150,000 based upon amounts the State of Ohio paid for two other parcels it had appropriated in the area. The court ruled the transactions did not reflect the fair market value of the properties and could not be used as comparables because they were "forced" sales. Next, relying on two commercial transactions involving nearby properties that sold for $450,000 and $350,000, Hall testified that the average price for a half-acre of property is approximately $200,000. Under cross-examination, however, Hall admitted that the commercial transactions reflected a value of only $76,013.51 for a half-acre of commercial property.
 {¶ 12} ODOT's appraiser testified that the property's highest and best use was as secondary commercial development property. Utilizing sales of comparable properties in the area, adjusted to reflect the characteristics of Hall's property, the appraiser opined that the fair market value of Hall's entire property was $320,100 before ODOT's appropriation of the two parcels and $286,900 after the taking. The appraiser testified that the difference of $33,200 is the value of the part of the property that ODOT appropriated and reflects the damage to Hall's residual property.
 {¶ 13} The trial court agreed with ODOT's valuation and entered judgment awarding Hall $33,200 in damages as just compensation. Later, the court denied Hall's motions for new trial and to vacate the court's judgment.
 II. ASSIGNMENTS OF ERROR {¶ 14} Hall now appeals and assigns the following errors:
1. The trial court erred as a matter of law in allowing Mr. Hall's attorney to withdraw eight days before the trial, and in not continuing the trial to allow Mr. Hall to retain another counsel, and in not advising Mr. Hall against proceeding without a counsel; thus, the trial court also abused its discretion and denied Mr. Hall of a fair trial.
2. The trial court erred in depriving Mr. Hall of his right to a jury trial as there is no document filed with the clerk of the trial court evidencing that Mr. Hall voluntarily waived his right to a jury trial.
3. The trial court erred in denying Mr. Hall's motion for a new trial.
4. The trial court erred in denying Mr. Hall's motion to vacate judgment.
 III. DENIAL OF FAIR TRIAL DUE TO SELF-REPRESENTATION {¶ 15} In his first assignment of error, Hall asserts he was denied a fair trial because the trial court allowed Hall's counsel to withdraw eight days before the trial in this case, leaving Hall "naked" and unrepresented at a critical juncture of the trial proceedings. Hall contends the trial court abused its