DECISION AND JUDGMENT ENTRY
{¶ 1} This is an administrative appeal, pursuant to R.C. 2506.04, from a December 20, 2007 judgment of the Lucas County Court of Common Pleas in a zoning dispute. The dispute concerns the construction of a wall sign by appellee Fleisher Holdings I, LLC ("Fleisher") at Suzuki of Toledo, located at 5299 Monroe Street, *Page 2 
Sylvania Township, Ohio, pursuant to a permit issued by the Sylvania Township zoning manager. The zoning permit was issued in error.
 {¶ 2} Appellant Jeffrey Mann Fine Jewelers, Inc. ("Jeffrey Mann") objected to construction of the sign on the basis that it violated the township zoning resolution and sought a stop work order from the zoning manager due to the violation. The zoning manager denied the request. On appeal, the Sylvania Township Board of Zoning Appeals ("BZA") affirmed the decision not to issue a stop work order.
 {¶ 3} Appellant argues that the township zoning manager lacked discretion under R.C. Chapter 519 to refuse to issue a stop work order required to prevent a known violation of the township zoning resolution. On administrative appeal, both the BZA and the court of common pleas affirmed the decision of the zoning manager, ruling that it was within the zoning manager's discretion to deny a stop work order. This appeal followed.
 {¶ 4} The facts are largely undisputed. On September 1, 2006, Fleisher submitted drawings, plans, schematics and photographs to the Sylvania Township Zoning Department to secure permits necessary to renovate and construct a new building and related signs for a Suzuki automotive dealership. One permit application related to construction of a Suzuki wall sign at the front of the new building. On September 5, 2006, the township zoning manager approved the application and issued a zoning permit for the wall sign.
 {¶ 5} Subsequently, Jeffrey Mann, who leases neighboring property for a jewelry store, complained to the township zoning manager that the wall sign did not comply with *Page 3 
the Sylvania Township zoning resolution and requested that the administrator issue a stop work order due to the non-compliance. Jeffrey Mann complained that the sign violated sections 2803(H) and (I) of the zoning resolution due to the fact that the sign would project more than one foot from the front of the building and extend above the roof line.
 {¶ 6} The township zoning manager investigated and informed Fleisher that the sign did not conform to the township's zoning resolution and advised Fleisher that it needed to apply for a variance to permit use of the sign. Fleisher refused.
 {¶ 7} After the refusal to seek a variance, the township zoning manager reconsidered and issued a decision, in writing, in a letter dated October 30, 2006. In the decision, the zoning manager concluded that the Suzuki wall sign violated the Sylvania Township zoning ordinance due to the fact that the sign extends 30 inches from the building. (The zoning resolution prohibits wall signs extending more than 12 inches from the building.) However, the zoning manager nevertheless refused to issue a stop work order. Jeffery Mann appealed the decision to the BZA.
 {¶ 8} On March 12, 2007, the BZA conducted a special meeting to consider the appeal. Sylvania Township admitted at the hearing that the Suzuki wall sign violated the township zoning resolution because it projects more than one foot from the front or face of the building. It disputed that the sign violated zoning restrictions against sign height, contending that the cited restriction did not apply.
 {¶ 9} Sylvania Township admitted that the decision not to seek enforcement of the zoning resolution with respect to the sign was based in significant part on the *Page 4 
determination that Sylvania Township had made an error in issuing the permit for the sign and "the hardship that would be visited on Fleishers, the * * * negative impact on the township if the township ordered someone to tear down the structure which the township had approved."
 {¶ 10} The permit application submitted by Fleisher failed to specify the distance the sign would extend from the building. At the hearing, the township, nevertheless, took responsibility for the error in issuing the zoning permit for the sign. It concluded that the township itself should have assured it had the missing information before it issued the permit.
 {¶ 11} After adjourning for executive session to consider the appeal, the BZA issued two findings of fact at the hearing and announced its decision to affirm the township zoning manager's decision not to issue the stop work order. The findings were: "That Jeffrey Mann is an aggrieved party and does have standing to appeal as our first finding, and secondly, find that Mary Lou O'Mara was acting within her discretion to not issue a stop work order on 10/30 of `06."
 {¶ 12} Jeffrey Mann appealed the BZA decision to the Lucas County Court of Common Pleas. The BZA filed with common pleas court as part of the appeal a transcript of the proceedings before it and detailed findings of fact supporting its decision. The court of common pleas issued its opinion and judgment entry on the appeal on December 20, 2007. The court of common pleas affirmed the decision of the BZA. Jeffrey Mann has appealed the judgment of the court of common pleas to this court. *Page 5 
 {¶ 13} Appellant, Jeffrey Mann, asserts one assignment of error in this appeal:
 {¶ 14} "Assignment of Error No. 1: The trial court erred as a matter of law by affirming the decision of the Sylvania Township Board of Zoning Appeals which permitted its zoning manager to grant an informal variance from the Township Zoning Resolution for noncompliance with applicable sign requirements."
 {¶ 15} Ohio appellate courts have a limited role in administrative appeals under R.C. 2506.04:
 {¶ 16} "As set forth in R.C. 2506.01, appeal of a final decision of an administrative body is made to the common pleas court. Appeal of the common pleas court judgment is made to the court of appeals. R.C. 2506.04. When reviewing an administrative appeal brought pursuant to R.C. 2506.01, `the common pleas court considers the "whole record," * * *and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.'Henley v. City of Youngstown Bd. of Zoning Appeals, 90 Ohio St.3d 142,147. Our standard of review is narrow in scope and requires that the common pleas court's decision be affirmed unless we find, as a matter of law, that the decision is not supported by a preponderance of reliable, probative and substantial evidence. Smith v. Granville Twp. Bd. ofTrustees, 81 Ohio St.3d 608, 613. (Citations omitted.)" Baker v. OhioDept of Job and Family Services, 6th Dist. No. L-05-1296,2006-Ohio-3176, ¶ 10. *Page 6 
 {¶ 17} Jeffrey Mann argues that the zoning manager acted beyond her authority in permitting a known violation of the zoning resolution to continue over objection. It argues that R.C. 519.14 places the authority to grant variances to township zoning resolutions in township boards of zoning appeals, not township zoning managers. Jeffrey Mann contends that permitting the non-conforming use to continue, over objection, amounts to the unlawful grant of a zoning variance by the township zoning manager.
 {¶ 18} Sylvania Township and Fleisher respond that no variance was issued and none was necessary for a township zoning manager to exercise discretion under such circumstances to decide not to issue a stop work order and not to pursue enforcement of the township's zoning resolution through litigation under R.C. 519.24. Essentially appellees argue that a township zoning manager has discretion not to enforce a violation of the township zoning resolution where the manager mistakenly issued a zoning permit and the property owner proceeded to construct the offending structure in reliance on the administrative error.
 {¶ 19} Townships have no constitutionally based powers of self-government. Their zoning power is based entirely upon statute:
 {¶ 20} "At the outset it must be noted that the townships of Ohio have no inherent or constitutionally granted police power, the power upon which zoning legislation is based. Whatever police or zoning power townships of Ohio have is that delegated by the General Assembly, and it follows that such power is limited to that which is expressly delegated to them by statute." Yorkavitz v. Bd. of Trustees of Columbia Twp.
(1957), 166 *Page 7 
Ohio St. 349, 351; accord Atwater Twp. Trustees v. B.F.IWillowcreek Landfill (1993), 67 Ohio St.3d 293, 297 fn. 6; Bd. ofBainbridge Twp. Trustees v. Funtime, Inc. (1990), 55 Ohio St.3d 106,108; Torok v. Jones (1983), 5 Ohio St.3d 31, 32.
 {¶ 21} R.C. Chapter 519 provides for township zoning. R.C. 519.16
authorizes the board of township trustees to "provide for a system of zoning certificates" and to "establish and fill the position of township zoning inspector" to enforce zoning regulations. Sylvania Township has established a permit system under its zoning resolution. Under the definitions to it zoning resolution, the township's "zoning administrator" or "inspector" is defined as "an authorized official appointed by the Board of Township Trustees responsible for enforcing and administering the requirements of the Zoning Resolution." The township zoning manager meets that definition.
 {¶ 22} R.C. 519.17 mandates that proposed construction or alteration of buildings and structures in townships that have enacted a zoning resolution that provides for a system of zoning certificates cannot proceed without first securing zoning certificates. R.C. 519.17 also provides that such certificates are not to be issued where the proposed building or structure does not "fully comply with zoning regulations then in effect":
 {¶ 23} "No person shall locate, erect, construct, reconstruct, enlarge, or structurally alter any building or structure within theterritory included in a zoning resolution without obtaining a zoningcertificate, if required under section 519.16 of the Revised Code,and no such zoning certificate shall be issued unless the plans forthe *Page 8 proposed building or structure fully comply with the zoning regulationsthen in effect." R.C. 519.17 (Emphasis added.)
 {¶ 24} The role of a township zoning inspector in the issuance of zoning permits under R.C. 519.17 has been described as ministerial in nature. Scarnechia v. Austintown Township, 7th Dist. No. 04 MA 253,2005-Ohio-4504. ¶ 13; Barrett Paving Materials, Inc. v. Bd. of ZoningAppeals of Union Twp. (June 24, 1991), 12th Dist. No. CA90-07-066. Actions by townships that exceed zoning authority granted under R.C. Chapter 519 are deemed invalid and unenforceable. Bd. of Twp. Trusteesof Bainbridge Twp. v. Funtime, Inc., at 108; Superior Hauling v. AllenTwp. Zoning Bd. of Appeals (2007), 172 Ohio App.3d 313, 2007-Ohio-3109, ¶ 18;North Folk Properties v. Bath Twp., 9th Dist. No. 21597,2004-Ohio-116, ¶ 15.
 {¶ 25} Here, the Sylvania Township zoning manager was prohibited under the express terms of R.C. 519.17 from issuing a zoning permit to Fleisher unless the proposed sign fully complied with the Sylvania Township zoning resolution. Under the undisputed facts, the proposed sign did not comply with the zoning resolution. Issuance of the permit, therefore, violated R.C. 519.17.
 {¶ 26} Once Jeffrey Mann objected to the sign, the zoning manager determined that the permit had been issued in error and violated the township zoning resolution. In our view, under such circumstances, R.C. 519.17 imposed a statutory duty on the zoning manager to revoke the permit. This is due to the prohibition under R.C. 519.17 against township zoning inspectors issuing zoning permits for construction of buildings or *Page 9 
structures that do not fully comply with the township's zoning resolution. Once the permit was revoked, Fleisher would have been prohibited under the express terms of R.C.519.17 from continuing further construction of the sign due to lack of a zoning permit. Accordingly, R.C. 519.17 allowed no discretion on whether to issue the stop work order.
 {¶ 27} In considering the challenge to the zoning permit and the request for a stop work order, the Sylvania Township zoning manager was acting within the authority granted townships to provide for a system of zoning certificates under R.C. 519.16 and the enforcement provisions adopted by Sylvania Township under Article 32 of the township's zoning resolution for the certificate system. Accordingly, whether a township is afforded discretion on whether, subsequently and additionally, "to institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, or remove" the sign under R.C. 519.24 is not presented in this case. R.C. 519.24. This appeal concerns a denial of a request for a stop work order alone.
 {¶ 28} We conclude that the Sylvania Township zoning manager was correct in the first instance. The proper procedure for Fleisher to obtain relief for hardship occasioned by the administrative error in issuing the zoning permit and Fleisher's claimed reliance upon the permit in proceeding with construction of the sign was to seek a zoning variance under R.C. 519.14 from the Sylvania Township Board of Zoning Appeals. *Page 10 
 {¶ 29} Zoning permits and zoning variances are "very different creatures." Scarnechia v. Austintown Twp., at ¶ 15; see Set Products,Inc. v. Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260,263. R.C. 519.14 provides in pertinent part:
 {¶ 30} "The township board of zoning appeals may:
 {¶ 31} "* * *
 {¶ 32} "(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice be done;"
 {¶ 33} Authority to consider the relief sought by Fleisher to permit construction of the sign to be completed and its use, despite its failure to comply with the Sylvania Township zoning resolution, comes within the authority granted the BZA under R.C. 519.14 to issue a zoning variance. No such authority is granted township zoning inspectors under R.C. Chapter 519.
 {¶ 34} We, therefore, conclude, as a matter of law, that the decision of the Lucas County Court of Common Pleas is not supported by reliable, probative and substantial evidence. Appellant's Assignment of Error No. 1 is well-taken.
 {¶ 35} On consideration whereof, we find that appellant was prejudiced from having a fair hearing. The judgment of the Lucas County Court of Common Pleas of December 20, 2007 is reversed and this cause is remanded to the Lucas County Court of *Page 11 
Common Pleas for further proceedings consistent with this decision. Appellees Sylvania Township and Fleisher Holdings I., LLC are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1