JUDGES: Hon. Cheryl L. Waite, Hon. Mary DeGenaro, Hon. Carol Ann Robb
OPINION
WAITE, J.
{¶ 1} Appellant Basista Holdings, LLC appeals the decision of the Mahoning *612 County Court of Common Pleas affirming the Ellsworth Township Board of Zoning Appeals ("BZA") decision in favor of Appellee, Ellsworth Township. Based on the following, we find Appellant's assignments of error in this administrative appeal are without merit and the judgment of the common pleas court is affirmed.
Factual and Procedural History
{¶ 2} The parties have a long and tortuous history of litigation in this dispute regarding an 18-acre property located on State Route 45 in Ellsworth Township, Mahoning County, Ohio ("the property"). Appellant is a limited liability company. The owner and sole member of this limited liability company is David J. Lewis. Appellant purchased the property on May 20, 2003. At the time of the purchase the property consisted of two parcels which were consolidated into a single parcel in 2007.
{¶ 3} On July 24, 2007, Appellant submitted an application for a zoning certificate to then zoning inspector, Diane Dudek ("Dudek"), to allow for industrial use of the entire property, which had a frontage of 900 feet and a depth of 871 feet. Dudek approved the application in a letter dated September 14, 2007. The approval was taken before the Ellsworth Township Trustees at a meeting on October 8, 2007. These actions triggered a great deal of litigation, a synopsis of which follows.
The Lyden Lawsuit
{¶ 4} A neighboring property owner ("the Lydens") contacted Dudek to inform her that the industrial classification of the property was in error and contrary to the existing 1969 zoning ordinance. The Lydens subsequently filed a lawsuit against Appellant, David Lewis, the Ellsworth Township Zoning Inspector and the Ellsworth Township Trustees, as well as the Ohio Department of Natural Resources. The complaint alleged that the property's prior owner was East Fairfield Coal Company, which had operated the site as a coal tipple until 1970. This use left the property polluted and subject to reclamation under state and federal laws. The property was zoned agricultural, but a nonconforming use by East Fairfield Coal Company had been allowed. The complaint alleged that allowing any industrial use of the property would create additional pollution and damage to neighboring properties and a stream shared by these neighbors and Appellant. Important to all the litigation that followed, Dudek was deposed during the course of this lawsuit. She testified that she had believed the property was zoned industrial at the time she approved Appellant's application, but realized after the Lydens' suit was filed that she was incorrect. She stated that she had never revoked the permit issued to Appellant, however. The lawsuit was subsequently dismissed by the Lydens, but they lodged numerous complaints with the township alleging that Appellant was in violation of the township zoning ordinance.
The Kurilla Lawsuit-Enforcement Action
{¶ 5} Laura Lewis, the wife of David Lewis, was an authorized representative for Appellant and also served on the Ellsworth Township Board of Trustees in 2011. At the suggestion of legal counsel, the township retained Michael Kurilla ("Kurilla") as a deputy zoning inspector to investigate all complaints against Appellant to avoid any conflict of interest while Laura Lewis served as a trustee.
{¶ 6} On September 1, 2011, Kurilla issued two notices of zoning violations to Appellant regarding both the subject property and another, separate property owned by Appellant in the township. The other property was subsequently transferred to Laura Lewis and is not involved in this appeal. Appellant appealed Kurilla's notice *613 of zoning violation as to the subject property. In 2012 Appellant submitted a revised site plan for the property, which was denied on October 10, 2012. This denial was also appealed, however, Appellant later dismissed both of these appeals.
{¶ 7} As Appellant had failed to remedy the issues regarding the zoning violation, Kurilla, in his capacity as zoning inspector, filed a complaint against Appellant in the Mahoning County Court of Common Pleas. Appellant filed a counterclaim, seeking declaratory judgment regarding the zoning classification of the property. Appellant also sought injunctive relief and monetary damages. While the counterclaim also alleged a violation of the Ohio Open Meetings Act, this claim was later dismissed. Appellant's remaining counterclaims were bifurcated for trial purposes. Trial was held before a magistrate on March 23, 2015. In a decision dated April 8, 2015, the magistrate found that the 1969 Ellsworth Township Zoning Map was unambiguous and that the parties' rights were determined by the Ellsworth Township Zoning Resolution which incorporated this zoning map. Based on this, the magistrate determined that the property was zoned industrial only to a depth of 500 feet. Appellant filed objections, and a hearing was held before the trial court, which adopted the magistrate's decision and dismissed the objections. An appeal of that decision is currently pending in this Court (Case No. 16 MA 0101).
Federal Lawsuit
{¶ 8} On August 27, 2014, Appellant filed a lawsuit in the Mahoning County Court of Common Pleas, alleging the same claims raised in its counterclaims in the Kurilla lawsuit: declaratory judgment, injunctive relief, money damages for a 42 U.S.C. 1983 unconstitutional deprivation of Appellant's use of its property, and a violation of Ohio's Open Meetings Act. The named defendants in that action-Ellsworth Township, Kurilla, Dudek, and other township officials in their official capacity, had the action removed to federal court based on the 1983 claim.
{¶ 9} In federal court, the defendants filed a motion for summary judgment alleging Appellant's claim was untimely, which was granted by the district court. The court held that Appellant knew or should have known of its injury in May of 2009 following Dudek's deposition. As the complaint was not filed until August 27, 2014, it was filed after the statute of limitations had run. Ultimately, the district court granted judgment to defendants on the first three claims based on the statute of limitations, and granted judgment to defendants on the allegations regarding the Open Meetings Act, because Appellant failed to produce any evidence of violation. While Appellant did not further appeal the Open Meetings Act claim, Appellant did appeal the other three counts to the Sixth Circuit Court of Appeals.
{¶ 10} In an opinion dated October 11, 2017, the Sixth Circuit Court of Appeals held that the statute of limitations on the 42 U.S.C. 1983 claim began to run when Appellant attended Dudek's deposition in May of 2009. Basista Holdings, LLC v. Ellsworth Twp. , 710 Fed.Appx. 688 (6th Cir. 2017). In her deposition testimony, Dudek admitted that her decision to approve Appellant's permit was not valid, and she was mistaken that the property was located within an industrial zone. At that point, Appellant was put on notice that its legal rights were at risk. Therefore, the Sixth Circuit affirmed the district court's dismissal of the 42 U.S.C. 1983 claim. Id. at 693-94. The Sixth Circuit also affirmed the district court's dismissal of Appellant's state law claims based on res judicata. Appellant had argued that the federal district court lacked jurisdiction *614 over state claims once it concluded the federal claim was barred by the statute of limitations. The Sixth Circuit held, "Once the § 1983 claim was dismissed, however, the district court had the discretion to decline to exercise its supplemental jurisdiction over the state-law claims." Id. at 694. However, the Sixth Circuit concluded that, as the district court had spent nearly two years on this matter, the court was "very invested in this case, and was undoubtedly familiar with the parties, the facts, and the claims." Id. at 695. Because the state law claims filed by Appellant and removed to federal court were virtually identical to those claims already decided in the Kurilla enforcement action in Mahoning County Common Pleas Court, the federal district court was correct in dismissing them based on res judicata. The Sixth Circuit acknowledged that the claims decided by the common pleas court and those pending in federal court involved the same parties, same facts, same legal basis and same requests for relief. The Sixth Circuit determined that, although an appeal of the state claims was pending in the state court system, this did not preclude the doctrine of res judicata from taking effect. Id. Therefore, the Sixth Circuit held the remaining Ohio law claims were barred by this doctrine. Id. at 696.
Current Lawsuit
{¶ 11} As reflected in the sheer volume of litigation and evidenced by Appellant's lengthy recitation of facts in its brief on appeal, this matter has a long and tortured history that has been greatly abbreviated, here. However, as discussed, Appellant's issues have been raised in some form not once, but in four separate suits: the Lyden lawsuit, the Kurilla action, the federal lawsuit, and the instant case. Appellant's arguments relate to alleged defects in the 1969 Ellsworth Township Zoning Ordinance and in Ellsworth's determination that most of Appellant's property is zoned for agricultural use rather than industrial.
{¶ 12} Following the March 23, 2015 trial in the Kurilla enforcement action, the Ellsworth Township Trustees introduced and passed a zoning amendment that did not change the depth of the industrial district as it applied to Appellant, but did include uniform setbacks and buffering requirements for all industrial districts. The amendment was introduced at a meeting on April 15, 2015 and became effective August 1, 2015.
{¶ 13} On March 26, 2015, Appellant submitted yet another permit application and site plan to the township zoning inspector. The application proposed utilizing a portion of the property for self storage buildings, and the remainder for a cement batch plant, where materials would be mixed to prepare ready-mix concrete. (10/12/15 Ellsworth Twp. Zoning Commission Public Hearing, Tr., p. 54.)
{¶ 14} In a letter dated June 16, 2015, Appellant's permit application was denied by the township zoning inspector for, among other things, failure to comply with an enclosure requirement set forth in the new zoning ordinance. As Appellant's plan did not provide that the entire cement batch operation would take place in an enclosed space, it failed to meet the specifications of the zoning ordinance.
{¶ 15} Appellant appealed the zoning inspector's decision to the BZA. Along with the appeal, Appellant filed two requests for variances: a use variance for the rear portion of the property seeking to use that portion for industrial, rather than agricultural, purposes and an area variance regarding setbacks which were enacted in the 2015 amendment.
{¶ 16} A public hearing was held on October 12, 2015. At its conclusion, the BZA went into executive session. After *615 returning from executive session and reopening the regular meeting, the BZA voted unanimously to uphold the decision of the zoning inspector regarding the permit application and to deny both variance requests. Appellant filed an administrative appeal to the Mahoning County Court of Common Pleas. In a judgment entry dated November 1, 2016, the trial court upheld the decision of the BZA, concluding it properly interpreted the zoning ordinance to deny the permit request as well as in denying the two requests for variances.
{¶ 17} Appellant filed this timely appeal.
ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN REFUSING TO RULE ON THE ISSUE OF THE VALIDITY AND CONSTITUTIONALITY OF THE ELLSWORTH TOWNSHIP ZONING ORDINANCE AND MAP.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN APPLYING THE PRINCIPAL OF "RES JUDICATA" WHERE THE JUDGMENTS RELIED UPON WERE INCONSISTENT AND INCORRECT ON THEIR FACE AND WERE PENDING ON APPEAL INVOLVING THE SAME ISSUES.
{¶ 18} In its first and second assignments of error, Appellant sets forth a recitation of most of the same arguments raised during the earlier state and federal lawsuits regarding the zoning ordinance, whether it qualifies as a comprehensive plan, and whether Appellant's claims are barred by res judicata.
{¶ 19} In this administrative appeal from the BZA decision, the common pleas court is charged with considering the entire record to determine whether the administrative decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of reliable evidence. R.C. 2506.04. That administrative decision is presumed to be valid, and the burden of proving its invalidity is on the party contesting the decision. Solid Rock Ministries, Intl. v. Monroe Bd. of Zoning Appeals , 138 Ohio App.3d 46, 50, 740 N.E.2d 320 (7th Dist.2000).
{¶ 20} An appellate court's review is even more limited in scope. We are to review the decision of the trial court on questions of law, and not as to the weight of the evidence. Henley v. Youngstown Bd. of Zoning Appeals , 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). Appellate courts are not to substitute their judgment for those of an administrative body or common pleas court absent the appropriate criteria. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. , 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988). Thus, absent an error as a matter of law, we will not disturb the decision of the common pleas court.
{¶ 21} We must first determine whether in this administrative appeal Appellant's facial challenge to the constitutionality of the zoning ordinance is properly before us.
The constitutionality of a zoning ordinance may be attacked in two ways. An appeal from an administrative zoning decision can be taken pursuant to R.C. Chapter 2506. In addition, or in the alternative, a declaratory judgment action pursuant to R.C. Chapter 2721 can be pursued.
Karches v. Cincinnati , 38 Ohio St.3d 12, 526 N.E.2d 1350 (1988), paragraph one of the syllabus.
*616 {¶ 22} While a common pleas court is to look at whether an administrative board's decision was constitutional, not all attacks based on alleged unconstitutional action may be brought in an administrative appeal. In Karches , the Ohio Supreme Court discussed the difference between the types of constitutional claims that can be asserted in an administrative appeal versus those which can only be advanced in a declaratory judgment action:
The R.C. Chapter 2506 appeal is a judicial review of a final administrative decision denying a variance to a property owner. The challenge is that a prohibition against a specific proposed use is unconstitutional; and the task of the trial court is to determine whether the prohibition against the specific proposed use has any reasonable relationship to the legitimate exercise of police power by the municipality. Thus, the determination turns on the specific proposed use of the property.
In contrast, a declaratory judgment action challenges the constitutionality of an existing zoning ordinance. The action does not call into issue the denial of a variance, even though, as discussed subsequently, exhaustion of the administrative variance procedure is usually required prior to initiating a declaratory judgment action. The overall constitutionality of a zoning ordinance as applied to a particular parcel of property is the central question. It may, but need not, involve a question as to the constitutionality of a prohibition against a specific proposed use. The declaratory judgment action is independent from the administrative proceedings and it is not a review of a final administrative order. (Citations omitted.)
Id. at 16, 526 N.E.2d 1350.
{¶ 23} Here, Appellant broadly challenges the constitutionality of the 1969 zoning ordinance as a whole, even though maintaining that it is challenging the ordinance "as applied" to Appellant's property. While an "as applied" constitutional challenge is properly reviewed in an administrative appeal, when Appellant's challenge is read in its entirety, Appellant is clearly making an attack on the constitutionality of the 1969 zoning ordinance as a whole on its face, citing errors in drafting the ordinance, such as the failure to designate specific property lines so that any purchaser of property would be able to ascertain the zoning designation for a particular property. Appellant's challenge, then, is an attack on the overall constitutionality of the zoning ordinance instead of an attack on the manner in which an otherwise valid ordinance applies to Appellant's property and may not be raised in an administrative appeal.
{¶ 24} In addition, the entirety of Appellant's argument is based on events and issues that transpired prior to the trial held on March 23, 2015 in the Kurilla enforcement action. The identical issues Appellant seeks to address in this administrative appeal were addressed in the Kurilla trial. To the extent Appellant seeks to raise additional claims or add additional evidence regarding these issues, the claims and evidence currently offered were not before the Kurilla court, but should have been raised in that lawsuit.
{¶ 25} The doctrine of res judicata is defined as: "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. , 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.
{¶ 26} Res judicata operates to bar subsequent actions by the same parties based on any claim arising (1) out of the *617 same transaction, and (2) that was the subject matter of the previous action. Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd. , 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). Thus, "the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Grava at 382, 653 N.E.2d 226. A transaction is defined as a "common nucleus of operative facts." Id. Moreover, pursuant to Section 25 of the Restatement of Judgments, claim preclusion operates to "extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." (Emphasis deleted.) Id. at 383, 653 N.E.2d 226. Thus, any attempt to approach the same claim using a new theory, grounds, evidence or form of relief does not operate to circumvent the res judicata effect.
{¶ 27} With this in mind, we must first determine if, in another case, another court has already litigated the validity of this zoning ordinance. It is clear that the basis on which Appellant presented his case at the administrative appeal below and in this appeal is the same as presented in Appellant's counterclaim in the Kurilla enforcement action and in the federal suit. All of Appellant's claims clearly arise from the identical nucleus of facts and were the subject matter of both other actions. Appellant is making the same assertions on appeal now that were made in both of the other matters regarding the alleged ambiguity of the 1969 zoning map and zoning ordinance. Appellant rests these claims on the identical set of facts introduced in the previous actions and attacks the identical parties. To the extent Appellant raises identical claims, Appellant's claims in this matter are barred by claim preclusion under the doctrine of res judicata. Appellant has had a full and fair opportunity to assert and litigate these claims previously in both the Kurilla enforcement action and in the federal court case.
{¶ 28} Through the counterclaims asserted by Appellant in the Kurilla enforcement action, Appellant had the opportunity to contest the validity and constitutionality of the 1969 zoning ordinance as a whole. Appellant failed to persuade the Kurilla court and the court ruled against Appellant. Since then, Appellant has made numerous attempts to raise these issues, using numerous legal theories, in various forums, including in this administrative appeal. However, res judicata operates to preclude a litigant from multiple bites at the apple and attempting to bring the same claims repeatedly. The trial court did not err in determining that Appellant's claims regarding the constitutionality of the zoning ordinance were barred by res judicata. Again, to the extent Appellant seeks to attack the constitutionality of the zoning ordinance on its face, an administrative appeal is not the proper forum.
{¶ 29} As such, Appellant's first and second assignments of error are without merit and are overruled.
ASSIGNMENT OF ERROR NO. 3
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN DETERMINING, THAT PURSUANT TO ELLSWORTH TOWNSHIP ZONING ORDINANCE, A CEMENT BATCH PLANT THAT IS IN ITSELF AN ENCLOSED STRUCTURE WAS REQUIRED TO BE ENCLOSED IN ANOTHER ENCLOSED STRUCTURE IS ARBITRARY, CAPRICIOUS, UNREASONABLE
*618 AND UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE BASED ON THE WHOLE RECORD AND DOES NOT BEAR A REASONABLE RELATIONSHIP TO PUBLIC, HEALTH, SAFETY, MORALS OR GENERAL WELFARE.
{¶ 30} In Appellant's third assignment of error, it contends the trial court erred in upholding the decision of the BZA denying Appellant's permit to build a cement batch plant. Appellant argues that its plan did not violate the township zoning ordinance.
{¶ 31} "An administrative agency's reasonable interpretation of local zoning codes is recognized as an area of administrative expertise and is to be presumed valid." Glass City Academy, Inc. v. Toledo , 179 Ohio App.3d 796, 2008-Ohio-6391, 903 N.E.2d 1236, ¶ 18 (6th Dist.), citing Lamar Outdoor Advertising, Inc. v. Dayton Bd. of Zoning Appeals , 2d Dist. No. 20158, 2004-Ohio-4796, 2004 WL 2009311, ¶ 6.
{¶ 32} A review of the Ellsworth Township Zoning Ordinance, Section XII, Paragraph E reads:
A use allowed in this district shall operate entirely within an enclosed structure, emitting no dust, noxious odor or fumes outside this structure, and no greater noise than the average noise level occurring on the street. Any area used for storage of equipment and supplies, service and loading docks shall be screened by walls or fences at least six (6) feet, but not more than eight (8) feet in height. These walls or fences shall have an opaqueness as to effectively conceal service, storage and loading operations from adjoining streets, and from a residential zoning district.
(Appellee's Brf., Exh. E.)
{¶ 33} Appellant contends that portions of the planned cement batch plant are enclosed: a silo and tubing. However, according to the site plan submitted by Appellant, the entire cement plant itself was not to be enclosed in a structure. The ordinance defines "structure." but not "enclosed structure." The BZA concluded, and the trial court affirmed, that a plain reading of the term "structure," relying in part on the language contained in paragraph E of the ordinance showing that the ordinance provision was intended to prohibit dust, noxious odors or fumes outside the structure, should be interpreted to require that the operation of the plant is to be contained within an enclosure. Appellant's enclosed silo and the tubing leading away from the silo for truck loading do not satisfy that requirement.
{¶ 34} We will not substitute our judgment for that of the BZA regarding interpretation of its ordinance. Due deference should be given to the BZA's reasonable interpretation of its own language. As such, the common pleas court did not err in determining that the BZA correctly interpreted its ordinance and denied Appellant's site plan for failure to comply with the township zoning ordinance. Appellant's third assignment of error is without merit and is overruled.
ASSIGNMENT OF ERROR NO. 4
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN DETERMINING THAT THE BZA'S DECISION TO DENY THE AREA VARIANCE AND USE VARIANCE WERE NOT "UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRCIOUS, [SIC] UNREASONABLE, OR UNSUPPORTED
*619 BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE [SIC].
{¶ 35} In its fourth assignment of error, Appellant asserts the common pleas court erred in affirming the BZA's denial of Appellant's two requested variances. In its appeal to the BZA, Appellant included two requests for variances: a use variance and an area variance.
{¶ 36} A use variance permits the use of land for purposes other than those that are permitted in the zoning regulation. Area variances do not involve the particular use of the land, but relate to structural or lot restrictions placed on property by zoning restrictions such as setbacks or height limitations. See Schomaeker v. First Natl. Bank of Ottawa , 66 Ohio St.2d 304, 306, 421 N.E.2d 530 (1981).
{¶ 37} The township's zoning ordinance makes no distinction between use or area variances, but defines "variance" as:
An adjustment, where, due to some peculiar conditions or circumstances applying to a particular lot, piece or parcel of land or a building or structure located or proposed to be located thereon, where the literal application of the provisions of this would result in undue hardship.
{¶ 38} Unnecessary hardship occurs when a particular parcel of land is left without any economically feasible permitted use because of specific qualities of the property. Hulligan v. Bd. of Zoning Appeals , 59 Ohio App.2d 105, 109, 392 N.E.2d 1272 (1978). A claim that a parcel would be more valuable with the variance than without it is not sufficient to justify a variance. Id. The burden is on the party seeking the variance to demonstrate that an undue hardship exists. Cole v. Bd. of Zoning Appeals , 39 Ohio App.2d 177, 183-84, 317 N.E.2d 65 (1973). A BZA is limited in its ability to grant variances. It cannot grant variances that would effectively rezone an area. Rezoning is a function requiring legislative action. Schomaeker , at 309, 421 N.E.2d 530.
{¶ 39} Appellant sought a use variance for the back portion of the property, the portion that is currently zoned agricultural, requesting that it be used for industrial purposes. Appellant's variance relates to his single parcel of land. Pursuant to the zoning ordinance, the property is zoned industrial only to a depth of 500 feet from the centerline of State Route 45. Appellant presents no evidence that it is economically unfeasible to use any portion of the property for its current permitted use. Appellant is merely attempting to circumvent the current zoning classification of the property. The BZA determined that Appellant had not established an undue hardship under the zoning ordinance to support his use variance request. The common pleas court concluded, based on a review of the evidence, that the BZA's decision regarding Appellant's use variance request was supported "by substantial and reliable evidence." (11/1/16 J.E., p. 8.) We agree. The evidence presented by Appellant did not address the economic feasibility of using the property for its permitted purpose. The property is currently zoned industrial except for a portion at the back of the property that is zoned for agricultural use. Appellant's argument is that the entire property must be used for industrial purposes in order to be economically feasible, but Appellant does not support that argument with any evidence that without a use variance Appellant has lost all economic use of the property. As such, the common pleas court was correct in affirming BZA's denial of Appellant's use variance request.
{¶ 40} Appellant also requested an area variance for the property when filing its appeal with the BZA. In order to *620 accommodate the cement batch plant, Appellant sought to vary the 50 foot setbacks required, as well as the screening provisions imposed by the zoning amendment. These provisions were not in place when the zoning inspector issued his decision denying the permit to build the plant.
{¶ 41} In order to obtain an area variance, the applicant need only show practical difficulties rather than undue hardship. Boice v. Ottawa Hills , 137 Ohio St.3d 412, 2013-Ohio-4769, 999 N.E.2d 649, ¶ 13. That is, if practical difficulties exist which deprive an applicant of a permitted use of his property, the area variance should be granted. But the area variance sought by Appellant is moot, because the BZA concluded that the site plan for the cement plant submitted by Appellant did not otherwise comply with the zoning ordinance. No issue of interference with a permitted use exists here; the use was denied. Hence, Appellant has not been harmed by the denial of the requested area variance.
{¶ 42} Based on a review of the record, we conclude that the decision of the common pleas court affirming the denial of the two variance requests submitted by Appellant in this administrative appeal also was not error. Appellant's fourth assignment of error is without merit and is overruled.
{¶ 43} In conclusion, Appellant's first and second assignments of error relating to the constitutionality of the zoning ordinance and the trial court's determination to dismiss the appeal on the basis of res judicata are without merit. Appellant has had ample opportunity to raise these claims and issues in previous lawsuits, as has already been determined by more than one court of competent jurisdiction. Moreover, Appellant has failed to demonstrate that the trial court erred in affirming the BZA's decision regarding the denial of Appellant's site plan and two requested variances. Therefore, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.
DeGenaro, J., concurs.
Robb, P.J., concurs.