[Cite as *Sunderland v. Liberty Twp. Bd. of Zoning Appeals*, 2021-Ohio-353.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAY L. SUNDERLAND | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| -vs- | Case No. 20 CAH 06 0023 |
| LIBERTY TOWNSHIP BOARD OF<br>ZONING APPEALS | |
| Defendant-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Delaware County Court of Common Pleas, Case No. 19 CV F 08 0477 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 5, 2021 |

APPEARANCES:

For Plaintiff-Appellant

CHRISTOPHER A. RINEHART
Rinehart Legal Services, LTD
P.O. Box 16308
Columbus, Ohio 43216

GRANT A. WOLFE
Wolfe Law Offices
100 E. Campus View Blvd., Suite #250
P.O. Box 1505
Columbus, Ohio 43216

For Defendant-Appellee

PAUL-MICHAEL LA FAYETTE
CARA M. WRIGHT
Mazanec, Raskin & Ryder Co., LPA
175 South Third Street, Suite #1000
Columbus, Ohio 43215

*Hoffman, J.*

**{¶1}**　Appellant Jay L. Sunderland appeals the judgment entered by the Delaware County Common Pleas Court dismissing his appeal from the decision of Appellee Liberty Township Board of Zoning Appeals.

STATEMENT OF THE FACTS AND CASE

**{¶2}**　Thornwood, LLC (hereinafter "Thornwood") owns property directly adjacent to residential property owned by Appellant.　In November of 2017, Appellant brought the construction of earthen mounds on Thornwood's property to the attention of Liberty Township, complaining the mounds violated the township zoning ordinance because Thornwood failed to obtain a zoning permit prior to their construction.　Tracey Mullenhour, the township zoning inspector, initially determined the earthwork mounds met the definition of "structure" pursuant to the Liberty Township Zoning Resolution, and a permit was therefore required.　After further inquiry, Inspector Mullenhour determined the earthen mounds constituted a structure incident to the use of the land for agriculture, and fell outside the regulation of the zoning resolution; therefore, no permit was required.

**{¶3}**　Appellant appealed the Zoning Inspector's determination to Appellee on June 11, 2018.　Appellant argued the earthen mounds are "structures" within the meaning of the zoning resolution and were not incident to an agricultural purpose, and therefore the earthen mounds were impermissible absent a zoning permit.　Appellee held an evidentiary hearing and issued its decision August 1, 2019, finding the earthen mounds were incident to agricultural use within the meaning of the zoning resolution, and therefore the township did not have the authority to regulate their construction.

**{¶4}**　On August 29, 2019, Appellant appealed the decision of Appellee to the Delaware County Common Pleas Court.　Thereafter, Appellee filed a motion to dismiss

the appeal as being moot.     Appellee argued the zoning resolution had been amended effective October 16, 2019, to explicitly state the term "structure" did not include landscape mounds or earthen mounds.  Appellee argued even if Appellant prevailed on the merits of his administrative appeal, under the current zoning resolution, Thornwood cannot be compelled to secure the township's approval for the mounds currently existing on its property.  Appellant filed a memorandum contra Appellee's motion to dismiss, and a motion to strike the motion to dismiss.

**{¶5}**   The trial court granted Appellee's motion to dismiss, finding the appeal to be moot.  It is from the May 4, 2020 judgment of the trial court Appellant prosecutes this appeal, assigning as error:


I. THE TRIAL COURT ERRED BY CONSIDERING EVIDENCE NOT CONTAINED IN THE TRANSCRIPT OF THE BZA PROCEEDINGS IN VIOLATION OF R.C. §2506.03.

II.  THE TRIAL COURT ERRED BECAUSE IT UNREASONABLY AND ARBITRARILY REFUSED TO CONSIDER EVIDENCE PROFFERED BY APPELLANT THAT THE AMENDMENTS TO THE ZONING RESOLUTION WERE LEGALLY INVALID ONCE IT DECIDED TO CONSIDER THE PROFFERED AMENDMENTS BY THE BZA.

III.  THE TRIAL COURT ERRED BECAUSE IT UNREASONABLY AND ARBITRARILY REFUSED TO PERMIT APPELLANT TO AMEND HIS PLEADINGS TO INCLUDE A CLAIM FOR DECLARATORY JUDGMENT.

IV.   THE TRIAL COURT ERRED BY IMPAIRING APPELLANT'S STATUTORILY CODIFIED VESTED SUBSTANTIVE RIGHT TO APPEAL THROUGH UNLAWFUL RETROACTIVE APPLICATION OF THE ZONING AMENDMENTS.

V.   THE TRIAL COURT ERRED BY FINDING APPELLANT'S APPEAL IS MOOT.

VI.   THE TRIAL COURT ERRED BY FAILING TO PERMIT APPELLANT TO SUPPLEMENT THE RECORD AS PERMITTED BY OHIO LAW.

VII.  THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE LIBERTY TOWNSHIP ZONING INSPECTOR DID NOT HAVE LEGAL AUTHORITY TO ISSUE HER DECISION OF MAY 12, 2018.

VIII. THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE EARTHEN STRUCTURES AT ISSUE ARE NOT STRUCTURES INCIDENT TO AN AGRICULTURAL USE UNDER OHIO LAW.

IX.   THE TRIAL COURT ERRED BY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS.

I.

**{¶6}**   In his first assignment of error, Appellant argues the trial court erred in considering new evidence not included in the record of the hearing before Appellee, specifically, the changes in the Liberty Township Zoning Resolution exempting earthen mounds from the definition of "structure."

**{¶7}**   R.C. 519.02 gives township trustees the power to regulate by resolution certain incidents of activity in the unincorporated territory of their respective townships, including the "uses of land for trade, industry, residence, recreation, or other purposes." *Yorkavitz v. Bd. of Tp. Trustees of Columbia Tp.*, 166 Ohio St. 349, 351, 142 N.E.2d 655, 656–57 (1957).  A township zoning resolution is not "evidence" in a case.  To argue the trial court can not consider an enacted zoning resolution because it is not "evidence" in the case is akin to arguing the trial court could not consider a statute, case authority, or administrative regulation because it was not presented in an evidentiary manner in the proceedings before Appellee.  As noted by the trial court in its decision, the current Zoning Resolution, including the newly enacted Section 4.01 pertinent to the instant case, is publicly available:

> And surely in deciding whether this case is moot…I can look to the Zoning Resolution that Liberty Township has enacted and has made publicly available.  The current version of that Zoning Resolution is just as accessible to the parties as it is to me, and I feel duty bound to read it and to consider it, given that the BZA alleges that that resolution moots the case. I have not considered new evidence or different facts beyond those presented by the parties to the BZA, and I have not added anything to the record.  I have simply examined the relevant law, which is the township's Zoning Resolution.

**{¶8}**   Judgment Entry, May 4, 2020, p.13.

**{¶9}** The trial court did not consider new evidence pursuant to R.C. 2506.03 in the instant case, the trial court considered new law applicable to the issue raised in the administrative appeal. We find the trial court did not err in considering the newly enacted Section 4.01 of the Liberty Township Zoning Resolution in its consideration of whether the instant action was moot.

**{¶10}** The first assignment of error is overruled.

II., III.

**{¶11}** We address Appellant's second and third assignments of error together, as Appellant does in his brief. Appellant argues the trial court erred in refusing to allow him to present evidence the amendment to the zoning resolution concerning earthen mounds is invalid, and erred in failing to allow him to amend his complaint to add a claim for declaratory judgment, arguing the adoption of the amendment to the resolution did not comply with Ohio law.

**{¶12}** The instant action is an appeal from a decision of an administrative agency pursuant to Revised Code Chapter 2506. The Court of Appeals for the Seventh District discussed the distinction between an administrative appeal brought pursuant to Revised Code Chapter 2506 and a declaratory judgment action seeking to hold a zoning resolution unconstitutional in *Basista Holdings, LLC v. Ellsworth Twp.*, 7th Dist. Mahoning No. 16 MA 0181, 2017-Ohio-9375, 107 N.E.3d 609, ¶¶ 22-23:

> While a common pleas court is to look at whether an administrative board's decision was constitutional, not all attacks based on alleged unconstitutional action may be brought in an administrative appeal. In

*Karches*, the Ohio Supreme Court discussed the difference between the types of constitutional claims that can be asserted in an administrative appeal versus those which can only be advanced in a declaratory judgment action:

"The R.C. Chapter 2506 appeal is a judicial review of a final administrative decision denying a variance to a property owner. The challenge is that a prohibition against a specific proposed use is unconstitutional; and the task of the trial court is to determine whether the prohibition against the specific proposed use has any reasonable relationship to the legitimate exercise of police power by the municipality. Thus, the determination turns on the specific proposed use of the property.

In contrast, a declaratory judgment action challenges the constitutionality of an existing zoning ordinance. The action does not call into issue the denial of a variance, even though, as discussed subsequently, exhaustion of the administrative variance procedure is usually required prior to initiating a declaratory judgment action. The overall constitutionality of a zoning ordinance as applied to a particular parcel of property is the central question. It may, but need not, involve a question as to the constitutionality of a prohibition against a specific proposed use. The declaratory judgment action is independent from the administrative proceedings and it is not a review of a final administrative order. (Citations omitted.)"

*Id.* at 16, 526 N.E.2d 1350.

Here, Appellant broadly challenges the constitutionality of the 1969 zoning ordinance as a whole, even though maintaining that it is challenging the ordinance "as applied" to Appellant's property. While an "as applied" constitutional challenge is properly reviewed in an administrative appeal, when Appellant's challenge is read in its entirety, Appellant is clearly making an attack on the constitutionality of the 1969 zoning ordinance as a whole on its face, citing errors in drafting the ordinance, such as the failure to designate specific property lines so that any purchaser of property would be able to ascertain the zoning designation for a particular property. Appellant's challenge, then, is an attack on the overall constitutionality of the zoning ordinance instead of an attack on the manner in which an otherwise valid ordinance applies to Appellant's property and may not be raised in an administrative appeal.

{¶13} Appellant's argument the amended resolution was not adopted in accordance with Ohio law, while not a constitutional claim, is a challenge to the legality of the amendment as a whole on its face, and not a challenge to the application of the amended resolution. Therefore, we conclude based on *Batista,* the claim was not appropriate for an administrative appeal. As noted by the trial court, "Certainly Sunderland remains free to pursue a declaratory-judgment action to challenge the trustees' action, but that would be in a different case against a different defendant or defendants." Judgment Entry, May 4, 2020, page 10. We find the trial court did not err in refusing to allow Appellant to present evidence concerning the procedure used to adopt

the amendment, nor did the court err in refusing to allow Appellant to add a cause of action sounding in declaratory judgment to his administrative appeal, as such an action would be different in nature from an administrative appeal and would be brought against different defendants than Appellee in the instant case.

{¶14} Appellant's second and third assignments of error are overruled.

IV., V.

{¶15} We address Appellant's fourth and fifth assignments of error together. Appellant argues the trial court erred in applying the amended zoning resolution retroactively in order to find his appeal moot.

{¶16} As a general matter, courts will not resolve issues that are moot. *In re Brown*, 10th Dist. Franklin No. 03AP–1205, 2005-Ohio-2425, 2005 WL 1177943, ¶ 15. Actions are moot "when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " *Grove City v. Clark,* 10th Dist. Franklin No. 01AP–1369, 2002-Ohio-4549, 2002 WL 2025334, ¶ 11*, quoting Culver v. Warren*, 84 Ohio App. 373, 393, 39 O.O. 506, 83 N.E.2d 82 (1948). In the instant case, the trial court found Appellant's appeal was rendered moot by the enactment of the amended zoning resolution, which changed the

definition of "structure" to allow without restriction the earthen mounds at issue in this case.

{¶17} Appellant relies on *Hamilton v. Fairfield Twp.*, 112 Ohio App.3d 255, 273, 678 N.E.2d 599, 611 (12th Dist. Butler 1996), for the proposition, "The right to prosecute an R.C. Chapter 2506 annexation appeal to its conclusion becomes a vested substantive right once the appeal is actually filed in the court of common pleas." He argues based on *Hamilton,* the new zoning resolution cannot be applied retroactively to terminate his right to an appeal, which vested at the time he filed his appeal with the Delaware County Common Pleas Court. We find *Hamilton* distinguishable from the instant case. In *Hamilton,* a newly enacted statute retroactively terminated the parties' right to an annexation appeal while the appeal was pending In the instant case, the new zoning resolution does not terminate Appellant's right to appeal, but rather potentially affects Appellant's ability to prevail on appeal, a crucial distinction.

{¶18} Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments. *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 99, 566 N.E.2d 154, 162 (1991). The retroactivity clause nullifies those new laws which "reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time the statute becomes effective." *Miller v. Hixson*, 64 Ohio St. 39, 51, 59 N.E. 749, 752 (1901).

{¶19} Appellant argues if Thornwood is not forced to comply with the former zoning resolution's constraints on earthen mounds, Appellant's vested right of an administrative appeal and his vested property rights have been infringed upon. However, Appellant's right to prevail on appeal is not a vested right. Appellant has no vested

property interest in the property at issue in the instant case, which is his neighbor's property and not Appellant's property. Further, the amended resolution does not create a new burden, duty, obligation, or liability; it lessons a burden on the affected landowners in the township. As noted by the trial court, the logical extension of Appellant's argument Thornwood must forever be subject to the old zoning resolution concerning its earthen mounds would result in women born before the Nineteenth Amendment was ratified in 1920 being forever denied the right to vote, or persons who became disabled before the Americans with Disabilities Act took effect in 1990 could not benefit from its protections. Judgment Entry, May 4, 2020, page 8.

{¶20} We agree with the trial court the issue of retroactivity is a red herring in the instant case. The trial court did not apply the new resolution retroactively to find the action moot; rather, the trial court found the prospective application of the statute renders the action moot, as Appellant would have no remedy even if he prevailed on the merits of his appeal:

> And now that any structure-based permitting requirements have been eliminated for the mounds in question, I fail to see how Sunderland can hope to prevail in the end. Even were I to conclude that the BZA ought to have required the owner of the mounds to seek and secure a zoning permit from the zoning inspector to maintain the mounds, nothing in the current Zoning Resolution authorizes the township to regulate the mounds as structures.

What would Sunderland have the township zoning inspector do on remand? Even were the zoning inspector to insist that the mounds' owner apply for a zoning permit after a successful appeal by Sunderland in this case, the mounds' owner could rightly flout that directive, as nothing in the current zoning code gives the zoning insper the authority to make such a demand. And were Sunderland then to challenge the continued presence of the unregulated mounds, the BZA would presumably rightly conclude that the mounds are permitted to remain on the land because they are not structures that the current Zoning Resolution regulates.

In short, a win by Sunderland in this administrative appeal would inevitably be a meaningless one, as he cannot secure the ultimate relief that he seeks, which is an order from the township to remove the mounds because they are "structures" for which a permit must be obtained. The township has now evidently chosen to let any mounds like the at-issue mounds remain on agricultural lands, and no win by Sunderland in this appeal could compel the township to take a different view on that question.

**{¶21}** *Id.* at p. 9-10.

**{¶22}** For the reasons set forth in the well-reasoned opinion of the trial court, we find Appellant's administrative appeal was rendered moot by the adoption of the amended zoning resolution.

**{¶23}** The fourth and fifth assignments of error are overruled.

VI.

**{¶24}** In his sixth assignment of error, Appellant argues the court erred in denying his motion to supplement the record pursuant to R.C. 2506.03, which was filed January 28, 2020, prior to Appellee's motion to dismiss the appeal as moot. This motion to supplement the record sought to supplement the record with evidence relevant to the merits of the appeal from Appellee's decision. Because we have found the trial court did not err in dismissing the appeal on legal grounds without reaching the merits, Appellant's sixth assignment of error is moot.

**{¶25}** The sixth assignment of error is overruled.

VII., VIII.

**{¶26}** Appellant's seventh and eighth assignments of error both assign error to the merits of Appellee's decision. Because we have found the trial court did not err in dismissing the action on the basis of mootness, these assignments of error are moot.

**{¶27}** The seventh and eighth assignments of error are overruled.

IX.

**{¶28}** In his ninth assignment of error, Appellant argues generally his rights to due process were violated when the court dismissed his appeal without notice and a hearing.

**{¶29}** Appellant cites no authority for the proposition the trial court was required to hold a hearing before dismissing the complaint. Appellee filed its motion to dismiss on February 5, 2020. Appellant filed a lengthy memorandum in response with attachments on February 21, 2020, as well as a motion to strike the motion to dismiss on March 2, 2020, and a reply to Appellee's brief in opposition of the motion to strike on March 20, 2020. The trial court did not issue its ruling until May 4, 2020. Clearly, Appellant was

given notice of the possibility his case could be dismissed, as well as an opportunity to be heard.  We find no violation of due process in the proceedings of the trial court.

**{¶30}**  The ninth assignment of error is overruled.

**{¶31}**  The judgment of the Delaware County Common Pleas Court is affirmed.

By: Hoffman, J.

Baldwin, P.J.  and

Wise, John, J. concur