[Cite as *Kareem v. Toledo*, 2016-Ohio-5754.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Basem Kareem, et al. | Court of Appeals No. L-16-1057 |
| Appellants | Trial Court No. CI0201502232 |
| v. | |
| City of Toledo, et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: September 9, 2016 |

* * * * *

Jerome Parker and Howard B. Hershman, for appellants.

Adam W. Loukx, Law Director, and Jeffrey B. Charles,
Chief of Litigation, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated administrative appeal, pursuant to R.C. 2506.04, from a February 29, 2016 judgment of the Lucas County Court of Common Pleas, affirming the denial by Toledo City Council of a special use permit requested by appellants, Horizon Investment Group ("Horizon") and Basem Kareem, to operate a used car

business on commercial property near the intersection of Byrne Road and Hill Avenue in Toledo. For the reasons set forth below, this court reverses the judgment of the trial court.

{¶ 2} Appellants set forth the following assignment of error:

The court below erred in failing to overturn the decision of city Council regarding the grant of the special use permit requested by Appellants. The decision of both Council and the lower court were unsupported by reliable and probative evidence and were both arbitrary and unreasonable.

{¶ 3} The following undisputed facts are relevant to this appeal. On November 24, 2014, appellants filed a petition with Toledo City Council pursuant to Toledo Municipal Code 1111.0706 requesting a special use permit for purposes of operating a used motor vehicle business on commercial property owned by appellants.

{¶ 4} On January 8, 2015, pursuant to the requirements mandated in the course of consideration of a pending special use permit, a public hearing was held before the Toledo Lucas County Plan Commission ("TLCPC"). At that hearing, it was noted that no phone calls, letters, or any communications were received prior to the meeting by any neighbors of the subject property either supporting or opposing the pending permit request. In addition, it was subsequently noted that no one appeared in person at the meeting to speak in opposition to the permit.

2.

**{¶ 5}** At the hearing, it was conveyed on the record that the plan commission staff had reviewed and considered the pending permit request and determined that the proposed property use was consistent with the Toledo 20/20 comprehensive plan, was compatible with adjacent property uses, was compliant with all relevant zoning code provisions, and was compliant with the governing criteria for used motor vehicle retail operations.

**{¶ 6}** The transcript of the plan commission hearing further reflects that the plan commission staff recommended approval of the permit subject to 20 enumerated conditions. The conditions were designed to further ensure the integrity of the proposed project. The applicant did not object to any of the conditions or request that they be modified. The record reflects that following detailed discussions by the TLCPC of the pending permit request, it was unanimously approved by the TLCPC. The process next requires the permit to be forwarded to Toledo City Council for consideration and ultimately a vote by council members.

**{¶ 7}** On March 17, 2015, a public hearing was held before Toledo City Council to enable members of the public to furnish witness testimony either supporting or opposing the special use permit. The record reflects that at the Toledo City Council hearing on the matter, the district councilman who represents the location in question stated at the outset of the meeting, "I believe that placement of 90 or more used cars on this lot would have a negative and detrimental impact on that community, so I urge you to vote no on this particular application."

3.

{¶ 8} The record further reflects that one member of the public spoke in opposition to the application. The witness furnished extensive testimony, the essence of which was his belief that the building on the site of the proposed used-car operation would be better suited as a site for meetings of his neighborhood group and also for use for activities by area senior citizens. This testimony was not supported by evidence suggesting potential viability of the alternative property uses desired by the witness. The witness concluded in relevant part, "I'm sure that there, that can be a plan for this area rather than a used car lot. I'm hoping that you would consider something else that would be more beneficial to the entire community."

{¶ 9} Following the public hearing, the matter was subsequently sent for a full vote by Toledo City Council. No recommendation regarding the permit was given by the zoning committee which had conducted the public hearing. Toledo City Council denied the special use permit.

{¶ 10} In response to the denial of the permit by city council, appellants next brought the matter before the Lucas County Court of Common Pleas. On February 29, 2016, the trial court denied appellants' motion for judgment on the record, thereby affirming the denial of the special use permit. In support, the trial court concluded that appellants failed to demonstrate that the disputed adverse determination regarding the special use permit was unsupported by the preponderance of evidence and was, therefore, unreasonable. We do not concur.

4.

{¶ 11} R.C. 2506.04 establishes that a trial court judgment pertaining to a zoning dispute such as the one from which this case arises, "[M]ay be appealed by any party on questions of law as provided in the Rules of Appellate Procedure."

{¶ 12} In conjunction with the above, it is well-established that the governing standard of review in appeals of administrative zoning decisions directs that the trial court's decision be affirmed unless we find, as a matter of law, that the decision is not supported by a preponderance of reliable, probative and substantial evidence. *Jeffrey Mann Fine Jeweler's Inc. v. Sylvania Twp. Bd. of Zoning Appeals*, 6th Dist. Lucas No. L-08-1013, 2008-Ohio-3503, ¶ 16.

{¶ 13} Based upon the above controlling legal framework, we must now assess the record of evidence in this case in order to ascertain whether the trial court properly upheld the denial of appellants' special use permit.

{¶ 14} We find that the relevant evidence in the record tending to favor the granting of appellants' special use permit is significant. It includes a TLCPC staff report on the permit request unequivocally concluding the proposed use to be consistent with the Toledo 20/20 plan, compatible with adjacent property uses, in compliance with all applicable zoning codes, and in compliance with all used motor vehicle facility criteria.

{¶ 15} The TLCPC staff recommendation of approval was bolstered by 20 specific conditions attached to the approval designed to ensure not only would there be no negative impact on surrounding properties, but also adherence to the conditions would

5.

result in various improvements to the property, such as new code compliant landscape buffers.

{¶ 16} The record reflects appellants did not object to any of the conditions or request that any of them be modified. The record reflects that the motion by the TLCPC to approve the permit passed unanimously.

{¶ 17} The record further reflects that at the February 11, 2015 hearing of the zoning and planning committee, appellant, appellant's engineer, and counsel for appellant furnished specific, relevant testimony in support of the permit request. The record shows that council's zoning committee made no recommendation on the permit prior the vote by Toledo City Council.

{¶ 18} The only testimony tending to disfavor the granting of appellants' requested special use permit was limited and did not rise to the level of reliable and probative evidence.

{¶ 19} It included the statement of the district councilman generally stating that granting the permit, "[W]ould have a negative and detrimental impact on that community," and urging that the permit request be denied. In addition, one concerned area resident spoke at the zoning and planning committee meeting in opposition to the permit suggesting without support that the commercial building owned by appellants would be better utilized as a location for use by senior citizens and meetings of neighborhood groups. Notably, this was found to be unreliable and it was disregarded by the trial court.

6.

**{¶ 20}** Lastly, one tenant of the commercial plaza adjacent to the site sent a letter in opposition unilaterally concluding that the proposed use of the property would be detrimental to property values.

**{¶ 21}** Based upon the forgoing, the record reflects that the preponderance of reliable, probative and substantial evidence in this matter favored granting the permit. Wherefore, we find that the trial court's affirmance of the permit denial was unreasonable under the specific facts and circumstances of this case.

**{¶ 22}** On consideration whereof, we find appellants' assignment of error well-taken. The judgment of the Lucas County Court of Common Pleas is hereby reversed. Pursuant to App.R. 24, appellees are ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                      _____
                                              JUDGE

Thomas J. Osowik, J.

                                   _____
James D. Jensen, P.J.                                JUDGE
CONCUR.

                                   _____
                                              JUDGE

7.