[Cite as *Willow Grove, Ltd. v. Olmsted Twp. Bd. of Zoning Appeals*, 2021-Ohio-2510.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WILLOW GROVE, LTD.,                     :

    Plaintiff-Appellee/             :
    Cross-Appellant,

                            :          No. 109319

    v.

                            :

OLMSTED TOWNSHIP BOARD OF
ZONING APPEALS, ET AL.,                 :

    Defendants-Appellants/          :
    Cross-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
                AND REMANDED
**RELEASED AND JOURNALIZED:** July 22, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-844279

---

### *Appearances:*

Berns Ockner & Greenberger, L.L.C., and Jordan Berns, Sheldon Berns, and Paul M. Greenberger, *for appellee/cross-appellant*.

Fishel Downey Albrecht & Riepenhoff L.L.P., and David A. Riepenhoff, *for appellants/cross-appellees*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendants-appellants/cross-appellees Olmsted Township and Olmsted Township Board of Zoning Appeals ("BZA") appeal the judgment of the trial court that ordered the BZA to issue a zoning certificate to plaintiff-appellee/cross-appellant Willow Grove, Ltd. ("Willow Grove") for the purpose of developing 202 residential townhomes on its property in Olmsted Township. We affirm the trial court judgment that held the proposed development was not subject to setback requirements and that the proposed community center and pool were subject to parking-space requirements. But because the trial court's opinion instructed the BZA to issue a zoning certificate that did not conform to the zoning laws in effect, we reverse the judgment of the trial court in part.

I. PROCEDURAL HISTORY AND FACTS

A. The Procedural History of the Application for Zoning Certificate

{¶ 2} On June 3, 2013, Willow Grove submitted an application for a zoning certificate to develop property in Olmsted Township. At that time, the property was subject to the Olmsted Township Zoning Resolution ("OTZR") adopted March 9, 2000 and amended as late as May 2012.[1] The application was denied, and Willow Grove filed a declaratory judgment action seeking to have certain administrative provisions of the OTZR declared unlawful. On appeal, the trial court found certain

---

[1] On May 22, 2013, the OTZR was amended and the property was rezoned effective July 1, 2013, which amendment would prohibit the proposed development. However, those amendments are not applicable to this appeal.

provisions of the OTZR unlawful, which decision was affirmed on appeal. *Willow Grove, Ltd. v. Olmsted Twp.*, 2015-Ohio-2702, 38 N.E.3d 1133 (8th Dist.).

{¶ 3} On January 8, 2015, Olmsted Township Zoning Inspector James McReynolds denied the application, citing nine instances in which the application deviated from the OTZR. Willow Grove appealed the decision to the BZA. The BZA sustained five of the nine deviations cited by the zoning inspector and denied the application because:

1. The proposed townhomes did not meet setback requirements under OTZR 230.05(a);

2. The proposed swimming pool was rejected as a conditional use under OTZR 230.03(c);

3. The proposed community center did not meet the parking-space requirements under OTZR 310.02(h)(2);

4. The proposed swimming pool did not meet the parking-space requirement of OTZR 310.02(e)(10); and

5. The proposed swimming pool did not meet the setback requirements of OTZR 270.04.

{¶ 4} As to setback requirements of the proposed townhomes, the BZA determined that the proposed street in Willow Grove's application was a Local Interior and Private Street under the definitions in the OTZR and that as such, the townhomes would have to be set back 35 feet. The application proposed a setback of 25 feet.

{¶ 5} The BZA determined that the proposed swimming pool was a conditional use of the property under OTZR 230.02(c), not an accessory use of the

property subject to the requirements of OTZR 230.02(d), and that because of this status, the application did not comply with the 75 foot setback requirement found in OTZR 270.04.

{¶ 6} Regarding parking-space requirements, the BZA determined that the proposed community center would be a semipublic building and was subject to parking-space requirements pursuant to OTZR 310.02(h)(2). The BZA also determined that the swimming pool would be a semipublic building and was subject to the parking-space requirements pursuant to OTZR 310.02(e)(10).

{¶ 7} On April 16, 2015, Willow Grove appealed the BZA decision denying its application to the Cuyahoga County Court of Common Pleas pursuant to R.C. 2506.04. In its appeal, it argued that the BZA erred in finding that 1) the proposed development violated setback requirements, 2) the swimming pool was only permitted as a conditional use, 3) the community center must comply with applicable parking-space requirements, and 4) the swimming pool must comply with applicable parking-space requirements.

B. The Property at Issue and the Requested Zoning Certificate

{¶ 8} The trial court received briefing and heard argument on Willow Grove's appeal. The trial court issued written findings of fact and conclusions of law resolving Willow Grove's appeal. In its written findings of fact and conclusions of law the trial court found that Willow Grove owns property in Olmsted Township located off Bagley Road, between the Olmsted Township High and Middle Schools. (*Findings of Fact and Conclusions of Law* ("FOF") at p. 1.) The property is adjacent

to an existing right-of-way, Bagley Road. *Id.* at p. 1-2. Willow Grove submitted an application for a building certificate to develop the property as one lot into 202 residential townhomes, with an internal street that would run through the property. *Id.* The internal street would be private and not intended for the use of the public at large. *Id.* at p. 2. Each unit would be set back from the street 25 feet and have a two-car garage and driveway connecting to a street that runs through the property. *Id.*

{¶ 9} As part of the development, Willow Grove proposed building a 1,664 square foot community center and a 2,600 square foot community pool for the benefit of residents and guests. *Id.* at p. 2-3. The community center and pool would be set back less than 75 feet from any principal building, and the community center and pool would not be constructed in any yard of any individual townhome. *Id.* at p. 3. The application further included eight parking spaces to service both the community center and pool. *Id.*

C. The Judgment of the Trial Court

{¶ 10} As to Willow Grove's first alleged error, the trial court sustained the objection. It overruled the BZA determination that the property was subject to specific setbacks. *Id.* at p. 8. It found that the OTZR 230.05(a) states "the setback of a principal building from an existing public right-of-way shall not be less than the distance set forth in Schedule 230.05 for the type of street, as defined in Chapter 110." The trial court found that the street proposed in the application was not subject to setback requirements in OTZR 230.05(a) because the proposed street

would not become a public right-of-way and because the proposed street was not in existence. FOF at p. 7-8.

{¶ 11} As to the second alleged error, the trial court overruled the BZA determination that the proposed swimming pool was a conditional use of the property. The trial court determined that the proposed swimming pool was an accessory use of the property. FOF at p. 11. The trial court reasoned that in the application, the principal use of the property would be the development of 202 townhomes, not the proposed swimming pool, because OTZR 110.02(b) defined an accessory use as a "use of land incidental to the principal use of a lot or building located on the same lot." FOF at p. 8-9. Because the trial court determined that the proposed pool was an accessory use of the property, it found that the setback requirements did not apply to the swimming pool.

{¶ 12} As to Willow Grove's third and fourth assignments of error, the trial court affirmed the BZA determination that both the proposed community center and swimming pool were subject to the parking-space requirement found in OTZR 310.04 because OTZR 310.02 mandates that "accessory off-street parking spaces shall be proved as a condition precedent to the occupancy or use of any building, structure of land in conformance with the provisions of this chapter whenever...a building is constructed or a new use is established." FOF at p. 13. Having affirmed in part and reversed in part the BZA determination on Willow Grove's application, the trial court remanded the matter to the BZA "with instructions to issue a zoning certificate in accordance with this opinion." *Id.*

II.  LAW AND ARGUMENT

A.  Standard of Review

{¶ 13}  R.C. Chapter 2506 governs appeals of administrative decisions to include boards of zoning appeals.  *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 22.  The common pleas court and the court of appeals apply different standards of review of an appeal of an administrative decision.  *Austin v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 107247, 2019-Ohio-636, ¶ 22.

{¶ 14}  A trial court reviews a zoning appeal pursuant to R.C. 2506.04, which provides that "the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."  R.C. Chapter 2506 allows for the common pleas court to examine the entirety of the record and make both factual and legal determinations.  *Cleveland Clinic Found.*, 2014-Ohio-4809 at ¶ 24.  In making its determinations, the common pleas court may only reverse a board of zoning appeals decision if that decision is "not supported by a preponderance of substantial, reliable, and probative evidence."  *Id.*

{¶ 15}  An appeal of a court of common pleas decision under R.C. 2506.04 may be taken "on questions of law."  An appeal pursuant to R.C. 2506.04 "requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."  *Cleveland Clinic*

*Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 23, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). Our review is thus limited, and we may reverse a trial court's determination "only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of evidence as a matter of law." *Id.* at ¶ 30.

B. The Parking-Space Requirements and Issuance of a Zoning Certificate

{¶ 16} Appellants' first assignment of error challenges the propriety of the trial court's decision to order the BZA issue a zoning certificate even though the trial court found the application did not conform to the OTZR. Appellants' first assignment of error reads:

> While the trial court correctly overruled applicant Willow Grove, Ltd.'s Third and Fourth Assignments of Error on appeal under R.C. 2506, and found that the proposed community center and swimming pool for the RMF-T development did not comply with the Olmsted Township Zoning Resolution, the court erred in thereafter remanding the case to the Township Board of Zoning Appeals (BZA) with an order to issue a zoning certificate despite finding that the development did not fully comply with the Township's Zoning Resolution (OTZR). This error is reflected at R. Doc. 40, Pg. 13.

{¶ 17} In its cross-appeal, Willow Grove challenges the trial court's underlying decision finding the community center and swimming pool are subject to the parking-space requirements in the OTZR. Willow Grove's first and second cross-assignments of error in its cross-appeal read:

> Cross-assignment of Error No. 1. The Board of Zoning Appeals erred in determining that that the swimming pool incorporated into Willow

Grove's proposed development must comply with the parking-space requirement found in OTZR Schedule 310.04(e)(10).

Cross-assignment of Error No. 2. The Board of Zoning Appeals erred in determining that the "community center" incorporated into Willow Grove's proposed development must comply with the parking-space requirement found in OTZR Schedule 310.04(h)(2).

{¶ 18} We address appellants' first assignment of error in conjunction with Willow Grove's cross-appeal because they are interrelated and the issues overlap. The trial court found that Willow Grove's application did not comply with the OTZR because the application did not provide the required number of parking spaces for the community center and the swimming pool. In the cross-appeal, Willow Grove argues that the application did comply with the OTZR as to parking-space requirements, but argues that even if the application did not comply, the trial court had the authority to order the BZA to issue the zoning certificate because the proposed community center and pool are marked on the application "as permitted" and the application can be modified.

{¶ 19} We address Willow Grove's cross-assignments of error first, because the resolution of these assignments of error are necessary to our determination of appellants' first assignment of error. In its application, Willow Grove proposed building a 1,664 square foot community center and a 2,600 square foot community pool for the use of the townhome residents and their guests.[2] Willow Grove's

---

[2] At the BZA hearing, it was noted that the usable space of the building to calculate the parking space would be less than the total square footage of the building, with a suggestion that the usable space could be as low as 600 square feet. However,

application contained a total of eight parking spaces for both the community center and the pool. OTZR 310.02(a) provides that "accessory off-street parking spaces shall be provided as a condition precedent to the occupancy or use of *any* building, structure of land in conformance with the provisions of this chapter whenever * * * a building is constructed or a new use is established." (Emphasis added.) Off-street parking spaces for certain uses of property are required in OTZR 310.04. OTZR 310.04(e)(10), sub-headed "Commercial Entertainment/Recreation Uses," provides that swimming pools not associated with residences require one parking space per 50 square feet of recreation area. Similarly, OTZR 310.04(h) requires "community centers" to have a minimum number of parking spaces based on the square footage of the building.

{¶ 20} Willow Grove argues that the trial court erred in finding that the parking-space requirements applied to its proposed development because the proposed community center and swimming pool are not principal uses of the property. Willow Grove supports this argument by noting that OTZR 310.04 is sub-headed "Principal Building or Use," and claims that the parking-space requirements in OTZR 310.04 therefore only apply to regulate the principal uses of the property. However, we do not read titles of sections of law substantively, but may consider them in resolving ambiguity. *Dade v. Bay Village*, 8th Dist. Cuyahoga No. 87728, 2006-Ohio-6416, ¶ 28, citing R.C. 1.01. As such, the sub-heading in OTZR 310.04,

---

even under that estimation, the eight proposed parking spaces fall short of the required number of parking spaces.

"Principal Building or Use" is a guidepost, but does not necessarily mean that the section applies only to principal buildings or principal uses of property.

{¶ 21} Whether the swimming pool or community center is classified as a principal, accessory, or conditional use in the development does not affect whether the parking-space requirements apply because OTZR 310.02(a), which mandates the inclusion of minimum parking spaces, applies to any building or new use. As such, the proposed swimming pool and community center are subject to the parking regulations detailed in OTZR 310.04, regardless of whether they are determined to be principal, accessory, or conditional uses of the property. Accordingly, the trial court's finding that the application did not conform to the OTZR regarding parking-space requirements will not be disturbed on appeal and Willow Grove's cross-assignments of error are not well taken.

{¶ 22} Having determined that the trial court did not err in finding the application was subject to parking-space requirements, we address appellants' first assignment of error that challenges the trial court's order to the BZA to issue a zoning certificate, despite its finding that Willow Grove's application did not conform with the zoning regulations.

{¶ 23} An appeal of a zoning board decision is limited to questions of law. Moreover, a trial court's review is limited to determining whether the decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. In this case, the trial court found that the that the application did not

comply with parking-space requirements, but nevertheless ordered the BZA to issue a zoning certificate. However, a zoning certificate cannot be issued unless it fully complies with zoning regulations. R.C. 519.17[3] reads:

> No person shall locate, erect, construct, reconstruct, enlarge, or structurally alter any building or structure within the territory included in a zoning resolution without obtaining a zoning certificate, if required under section 519.16 of the Revised Code, and no such zoning certificate shall be issued unless the plans for the proposed building or structure fully comply with the zoning regulations then in effect.

*See also Jeffrey Mann Fine Jewelers, Inc. v. Sylvania Twp. Bd. of Zoning Appeals*, 6th Dist. Lucas No. L-08-1013, 2008-Ohio-3503, ¶ 25 ("Under the undisputed facts, the proposed sign did not comply with the zoning resolution. Issuance of the permit, therefore, violated R.C. 519.17.") We have found that the issuance of a building certificate is "ministerial" and that "'a zoning certificate shall not be issued unless the plans for the proposed building or structure fully comply with the zoning resolution in effect. R.C. 519.17.'" (Emphasis omitted.) *Willow Grove, Ltd.,* 2015-Ohio-2702 at ¶ 65, quoting *Barrett Paving Materials, Inc. v. Bd. of Zoning Appeals*, 12th Dist. Clermont No. CA90-07-066, 1991 Ohio App. LEXIS 2961 (June 24, 1991).

{¶ 24} The trial court determined that Willow Grove's application did not comply with the OTZR because it failed to meet parking-space requirements; thus, it found that the application did not fully comply with the zoning requirements. The law prohibits the issuance of a zoning certificate when an application does not fully

---

[3] OTZR 510.01 also reads in part that "no such Zoning Certificate shall be issued unless the plans for the proposed building or structure fully comply with the regulations set forth in this zoning resolution."

comply with applicable zoning regulation. By ordering the BZA to issue a zoning certificate for an application that did not conform to zoning regulations, the trial court exceeded the limits of its review and abused its discretion. Although Willow Grove argues that the trial court has the authority to order the issuance of a certificate and such certificate can be amended to conform to the OTZR, it has cited no provision in law or judicial precedent that allows for the issuance of a building permit that does not conform with applicable zoning regulations. Accordingly, appellants' first assignment of error is well taken.

C. The Proposed Street and Applicable Setback Requirements

{¶ 25} Appellants' second assignment of error challenges the trial court's finding that building setback requirements in the OTZR are not applicable to the proposed street within the application. The trial court determined that "Applying setback requirements applicable to public rights-of-way to private streets or ways was erroneous. Therefore, the BZA unlawfully determined that the proposed development violates OTZR Section 230.05(a) and (d)(l)'s setback requirement." FOF at p 7. Appellants' second assignment of error reads:

> The trial court erred in sustaining applicant Willow Grove, Ltd.'s First Assignment of Error on appeal under R.C. 2506 and finding that the principal buildings in the proposed development were not required to be set-back at least 35 feet from the planned Local Street, despite the plain language of OTZR Section 230.05(a), and (d)(1)(a). This error is reflected at R.Doc. 40, Pg. 6-8.

{¶ 26} In its decision rejecting Willow Grove's application, the BZA found that the proposed street was a "local street" as defined by OTZR 110.03(b)(95).

OTZR 230.05 provides a schedule of building setback requirements, which schedule requires townhomes and apartments to have a 35-foot setback on local streets. Although the BZA determined the proposed street would be a local street, the trial court did not find that the setback requirements applied to the proposed street, regardless of its classification. Instead, the trial court found that OTZR 230.05(a) provides that "[t]he setback of a principal building from *an existing public right-of-way* shall not be less than the distance set forth in Schedule 230.95 for the type of street, as defined in Chapter 110." FOF, p. at 6. (Emphasis added.) A right-of-way is defined in OTZR 110.02(b)(86) as a "a strip of land that taken, dedicated, or otherwise recorded as an irrevocable right-of-passage for use as a public way."

{¶ 27} The trial court found that the proposed street would not become a public right-of-way after it was built. FOF at p. 7. OTZR 230.05(a) applies to existing public rights-of-way. As such, because the proposed street was not a public right-of-way, nor would it become one, the trial court properly found that the street was not subject to the building setback requirements in OTZR 230.05 and appellants' second assignment of error is overruled.

D. The Proposed Swimming Pool as a Primary or Accessory Use of Property

{¶ 28} Appellants' third assignment of error alleges that the trial court erred in finding that the proposed swimming pool was not subject to setback requirements found in OTZR 270.04. Appellants' third assignment of error reads:

> The trial court erred in sustaining applicant Willow Grove, Ltd.'s Second Assignment of Error on appeal under R.C. 2506 and finding that the proposed pool to service the entire 202 townhome

development need not comply with the OTZR's plain language requiring that the pool be set back at least 75 feet from the street and property line under OTZR Section 270.04. This error is reflected at R.Doc. 40, Pg. 8 – 11.

{¶ 29} In its application, Willow Grove proposed building 202 townhomes on the property with the addition of a community center and a swimming pool. OTZR 110.02(103) defines principal use of property as being, "[t]he primary or main use of activity of a building or lot." OTZR 110.02(102) defines accessory use as being a "use of land incidental to the principal use of a lot or building located on the same lot." The trial court found that the principal use of the property in the application was the development of residential townhomes and that the proposed swimming pool was an accessory use of the property. FOF at p. 10.

{¶ 30} At issue in determining whether the pool requires any setback is the classification of the proposed swimming pool within the zoning regulations as either a principal, conditional, or accessory use of the property. Appellants argue that the proposed swimming pool is a conditional use of the property subject to the 75-foot setback requirement found in OTZR 270.04. Willow Grove argues that within its proposed development, the swimming pool is a permitted accessory use of the property, not a conditional use of the property and therefore the 75-foot setback requirement in OTZR 270.04 does not apply to the proposed swimming pool.

{¶ 31} OTZR Chapter 270 regulates conditional uses of property in residential districts. OTZR 270.01 provides that "certain types of principal uses are classified as conditional uses because of their uncommon or unique characteristics,

infrequency of occurrence, large area requirements, or potential for significant impact on a particular district." Thus, OTZR Chapter 270 and its requirements apply to principal uses of property located within residential districts. OTZR 270.03 provides specific conditions for property uses, reading in pertinent part that

> Schedule 270.04 sets forth regulations governing minimum lot area, minimum lot width and minimum yard dimensions for principal and accessory buildings and parking areas for conditional uses in residential distracts that require lot area, width, and yard regulation different from the residential district regulations.

OTZR 270.03(f).

{¶ 32} OTZR 270.04(7) specifically requires that a "swimming pool, public or private" have a 75-foot setback. To support their argument that the swimming pool is a conditional use of the property, appellants cite to OTZR 230.02, in which swimming pools are listed as "conditional" uses of property. They argue that because of this classification, OTZR 270.04 is to be applied to the pool.

{¶ 33} OTZR Chapter 230 provides regulations for multifamily residential districts. OTZR 230.02(b) and 230.02(c) provide that certain uses of property are permitted as "principal" or "conditional" uses as listed in schedule OTZR 230.03. OTZR 230.02(d) provides that certain uses "shall be permitted as an accessory use in any RMF district. Such use shall be permitted as a subordinate building or use when it is clearly incidental to and located on the same lot as the principal building or use." OTZR 230.02(d)(2) provides a permitted accessory use of "Recreation and community facilities intended for use by residents of the development."

{¶ 34} The trial court determined that the principal use of the property was to develop townhomes and that the proposed swimming pool was a permitted accessory use as listed in OTZR 230.02(d). The trial court further found that the "evidence before the BZA established that the proposed development's swimming pool is (1) incidental to the principal use of the property (attached single-family dwellings), (2) located on the same lot as the principal use because the property will be developed as condominiums, and (3) intended for use by residents and invited guests." FOF at p. 10. The trial court then classified the proposed swimming pool as an accessory use of the property pursuant to OTZR 230.02(d)(2), not as a conditional use under OTZR 230.03(h). FOF at p. 10. Accordingly, OTZR 270.04 does not serve to make the proposed pool a conditional use of the property. Because the swimming pool is a permitted accessory use of the property, appellants' argument that OTZR 270.04 applies is not well taken and we affirm the trial court's determination. Appellants' third assignment of error is overruled.

III. CONCLUSION

{¶ 35} The trial court's resolutions of Willow Grove's assigned errors regarding the BZA decision are affirmed. However, because R.C. 519.17 prohibits the issuance of a zoning certificate that does not fully comply with zoning regulations, we find the trial court erred in ordering the BZA to issue a zoning certificate in this case.

{¶ 36} Judgment affirmed in part and reversed in part, and this matter is remanded to the trial court to amend its order.

It is ordered that appellants/cross-appellees and appellee/cross-appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY J. BOYLE, A.J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION ATTACHED)

MARY J. BOYLE, A.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 37} I fully agree with the majority's analysis and conclusions that the proposed community center and swimming pool failed to comply with the OTZR's parking-space requirements and that the trial court therefore erred in ordering the BZA to issue a zoning certificate. But I respectfully dissent as to the Township's second assignment of error.

{¶ 38} I would sustain the Township's second assignment of error because I find that Willow Grove's proposed street is an "existing right-of-way" and that the townhomes are therefore subject to OTZR 230.05's 35-foot setback requirement for local streets. OTZR 110.02(b)(87) defines "right-of-way" as "[a] strip of land taken,

dedicated, or otherwise recorded as an irrevocable right-of-passage for use as a public way." OTZR 230.05(d) includes "local street" as a subheading under setbacks for existing rights of way and specifies that townhouses must be set back 35 feet from local streets. Under OTZR 110.02(b)(95), a local street is "primarily for providing access to residential or other abutting property." Willow Grove's proposed street would be primarily for providing access to residential townhomes and provides a right-of-passage for the public. And although the street was not "existing" at the time Willow Grove filed its application for a zoning certificate, it would need to be built before the townhomes. In other words, at the time the townhomes would be built, the street would be "existing." Therefore, the BZA's decision that the townhomes needed a 35-foot setback from the street was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the record, and I find that the trial court abused its discretion in holding that the BZA's decision was unlawful.

{¶ 39} However, this court need not reach the merits of the Township's second and third assignments of error. As the majority explains, a zoning certificate can be issued only if the proposed plans fully comply with the zoning regulations. R.C. 519.17. Regardless of whether the townhomes or the swimming pool met the OTZR's setback requirements, we have found that the proposed plans do not comply with the OTZR's parking-space requirements. Thus, regardless of the resolution of the Township's second and third assignments of error, I agree with the majority that the trial court erred in ordering the BTA to issue a zoning certificate because Willow

Grove's proposed plans did not fully comply with the parking requirements. If Willow Grove were to file a new application with changes to its parking spaces or setbacks, the OTZR amendments that went into effect after Willow Grove filed its current application would prohibit Willow Grove from developing townhomes on the property. *See* Olmsted Township Zoning District Map as amended May 22, 2013, incorporated into OTZR Section 120.02 (zoning the property as a single family, R-40 zone).

{¶ 40} Accordingly, although I disagree with the majority's conclusion regarding the setback requirements for the townhomes, I would not reach the merits of this assignment of error. Thus, I respectfully concur in part and dissent in part.

KEYWORDS

R.C. 2506.04; appeal of zoning board determination; R.C. 519.17.

An appeal of a court of common pleas decision under R.C. 2506.04 may be taken on questions of law. Appellate review is limited, and the court may reverse a trial court's determination when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of evidence. R.C. 519.17 prohibits the issuance of a zoning certificate when an application for a zoning certificate does not fully comply with applicable zoning regulation. The trial court erred by ordering the issuance of a zoning certificate after it found that the application did not fully comply with applicable zoning regulations.